Gabrielli, J.
Defendant pleaded guilty to the crime of attempted robbery in the third degree (Penal Law, §§ 110.00, 160.05). The judgment of the Supreme Court, Bronx County, rendered upon his plea, was unanimously affirmed by the Appellate Division. Defendant claims on this appeal that he was deprived of the right to a speedy trial, guaranteed to him by the Sixth Amendment of the United States Constitution and CPL 30.20 (formerly Code Crim Pro, § 8). The precise issue before us is under what circumstances the defendant’s incar *125 ceration in a sister State justifies a delay in bringing him to trial in New York.
Defendant was indicted by the Bronx County Grand Jury on September 30, 1968 and charged with the crimes of robbery in the first degree, grand larceny in the third degree and possession of a weapon. He was released on bail and directed to appear in Bronx County Supreme Court on December 20, 1968. On December 13, 1968, however, defendant was arrested in New Jersey and charged with having committed the crimes, of kidnapping, rape, carnal indecency and unlawful possession of narcotics, for which he was later indicted, convicted and sentenced to serve between five and seven years in New Jersey State prison. He remained in the custody of the New Jersey authorities until June 25, 1972 when, under a detainer filed pursuant to the provisions of CPL 580.20, he was released to the custody of Bronx County authorities.
Defendant moved, on October 17, 1972, to dismiss the Bronx County indictment on the ground that he had been denied the right to a speedy trial. In the motion papers, consisting solely of an affidavit made by defendant’s counsel, it was alleged, upon information and belief, that shortly after the defendant’s arrest in New Jersey, the New York authorities filed a detainer on him but made no effort to secure his presence in New York or prosecute the indictment. No facts in support of this claim were set forth as required by CPL 210.45.[1] In his opposing affidavit the District Attorney stated that delay "has not been the fault of the People as defense counsel alleges in his papers.” Without a hearing and on defendant’s meager unsupported allegations in the motion papers alone, the court conditionally granted the motion on December 5, 1972 and directed that the indictment be dismissed if the People did not commence trial before January 15, 1973. However, six days following the entry of this order, defendant entered a plea of guilty to the crime of attempted robbery in the third degree in full satisfaction of the original indictment.
*126 It is settled that delay occasioned by the defendant’s incarceration under the jurisdiction of the Federal Government or another State is not justified when prosecutorial authorities have knowledge of the defendant’s detention and make no diligent efforts to obtain his presence for trial (Smith v Hooey, 393 US 374, 383; People v Wallace, 26 NY2d 371; People v Winfrey, 20 NY2d 138). It is thus incumbent upon the People to show that the defendant has not been brought to trial for "good cause” (People v White, 32 NY2d 393, 397; People v Wallace, supra; People v Winfrey, supra; People v Bryant, 12 NY2d 719; see, also, former Code Crina Pro, § 667). Prefatorily, of course, knowledge of the defendant’s whereabouts by law enforcement authorities must be established. Knowledge on the part of the police department would, of course, be imputed to the District Attorney’s office. A defendant ought not be penalized because of any inadequacy of internal communication within the law enforcement establishment (cf. Santobello v New York, 404 US 257, 259-260).
The insufficiency of the record before us makes it impossible to determine whether a reasonable basis for the delay was present. The New Jersey incarceration may provide the requisite "good cause” if the prosecutor was unaware that the defendant was in the custody of the authorities of a sister State and could not with due diligence discover the defendant’s whereabouts and secure his presence for trial in New York.[2]
Both the District Attorney and defendant’s counsel attempted, during the course of the judicial process below, to introduce documentary evidence relating to the issue of the prosecutor’s knowledge of defendant’s imprisonment in New Jersey. In fact, the District Attorney was precluded, on defendant’s objection, from showing that a reasonable basis did *127 exist for the delay. He had sought to introduce evidence that the Bronx County authorities were not aware of defendant’s incarceration in New Jersey until May, 1972. Thus, it cannot be charged that the law enforcement establishment failed to fulfill its obligation to justify the delay.
We have concluded that a proper resolution of this appeal requires a more complete record. This case comes to us in a peculiar stance. There was no opportunity to make a complete record below since (1) there was no hearing on the original motion to dismiss the indictment, which was granted conditionally, (2) defendant decided to plead guilty and (3) the prosecutor was prevented from introducing evidence relating to the point in time when it was first known that defendant was in custody in New Jersey.
It is apparent from the condition on which defendant’s motion to dismiss was granted that the Trial Judge granted the motion on the basis of the period of delay commencing with the time of defendant’s return to New York (June 26, 1972).[3] He did not base his decision on the period of imprisonment in New Jersey. The record, by way of documentary proof, should be made complete. On remand, both sides will have the opportunity to come forward with the documentary evidence which they were unable to introduce below (see CPL 210.45, subds 1, 2). Therefore, the determination of this appeal should be withheld[4] and the case remitted to Supreme Court, Bronx County, for the presentation of documentary evidence pertaining to the knowledge of New York law enforcement authorities of defendant’s incarceration in New Jersey and the efforts of the police and prosecutorial authorities to secure defendant’s presence in New York following notice of his status.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Determination of the appeal withheld and the case remitted *128 to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein.

. CPL 210.45 (subd 1), which governs motions based on the denial of the right to a speedy trial (see CPL 210.20, subd 1, par [g]), provides: “A motion to dismiss an indictment pursuant to section 210.20 must be made in writing and upon reasonable notice to the people. If the motion is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof, whether by the defendant or by another person or persons. Such sworn allegations may be based upon personal knowledge of the alñant or upon information and belief, provided that in the latter event the afñant must state the sources of such information and the grounds of such belief. The defendant may further submit documentary evidence supporting or tending to support the allegations of the moving papers.” (Emphasis added.)

. It should be noted that CPL 30.30 (subd 4, pars [c], [e]), applicable to criminal actions commenced on or after May 1, 1972, and therefore not directly controlling in this case because the indictment was handed down in 1968, provide for the tolling of the following time periods in computing the delay between indictment and trial:
“(c) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”.
"(e) the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial”.

. The period from June 26, 1972 to January 13, 1973, the date by which the court below required the People to bring the defendant to trial, represents approximately the six-month period between felony indictment and trial required by CPL 30.30 (subd 1, par [a]). This was also the time period specified by the Administrative Board of the Judicial Conference (Rules of Administrative Board, § 29.2; 22 NYCRR 29.2) prior to the enactment of the Criminal Procedure Law. (See Denser, Practice Commentary, McKinney’s Cons Laws of NY, CPLR 30.30, Book 11A, [1974-1975, Supp], p 25.)

. See People v Gina M. M. (37 NY2d 880); People v Seaton, (19 NY2d 404,406-407).