■ The People of the State of New York, Appellant, v Jose Ramos, Respondent. [646 NYS2d 498] —Order, Supreme Court, New York County (Richard Andrias, J.), entered June 16, 1993, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously affirmed.

The motion court properly charged the People with 233 days from September 16, 1992 to May 7, 1993, the period of time between the issuance of a bench warrant against defendant and his return thereon following completion of a term of incarceration in Sullivan County that began on September 9, 1992. Defense counsel notified the court of this rearrest on September 16, 1992 and the District Attorney not later than September 18, 1992. Further knowledge of defendant's whereabouts by police authorities is imputed to the prosecution and defendant may not be penalized for failure of internal communication within the law enforcement establishment (*People v McLaurin*, 38 NY2d 123, 126). Given that defendant, did nothing to avoid apprehension or prosecution and was incarcerated under the same name and NYSID number in New York State during the period that the warrant was outstanding, the efforts to locate defendant during that period, which consisted of a Motor Vehicles Department check, visits to certain addresses and areas, and speaking with defendant's relatives and a friend, cannot be said to constitute the required due diligence to secure defendant's presence (*see*, *People v Barasso*, 193 AD2d 448, *lv*

*denied* 81 NY2d 1070). Since defendant could have been located through the use of his name and NYSID number, these other efforts do not avail the prosecution. Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.