OPINION OF THE COURT
Micki A. Scherer, J.
The defendant moves to dismiss the indictment pursuant to *550 CPL 210.20, 30.20 and 30.30. The People oppose the defendant’s motion.
The court notes that the defendant has the initial burden of demonstrating that his speedy trial rights were violated. (People v Brossoit, 256 AD2d 919 [3d Dept 1998].) Once the defendant has made an initial showing that the People failed to declare their readiness within the statutory time period, the burden shifts to the prosecution to identify the exclusions upon which it relies. (People v Brossoit, supra.) The parties have each met their respective burdens in that regard. With respect to the issues raised, the court makes the following findings of fact.
On September 14, 1998, this action was commenced with the filing of a felony complaint. Following defendant’s arraignment, the matter was adjourned to September 18, 1998 for Grand Jury action. There being no Grand Jury action, the matter was adjourned to October 26, 1998. On that date, the defendant was arraigned on the indictment which had previously been filed on October 1, 1998. Additionally, after making a determination that the defendant was ineligible for free legal services, the court ordered the defendant to hire private counsel by the next court date.
On November 2, November 17, and December 8, 1998, the case appeared on the court’s calendar and on each of the respective dates, the defendant failed to comply with the court’s directive to retain private counsel. On December 16, 1998, the case was again on for the defendant to appear with counsel; however, he failed to appear and a bench warrant was ordered.
On March 12, 1999, the defendant was arrested in Maryland on a drug charge. As a result, he was incarcerated in Anne Arundel County Correctional Facility. On March 16, 1999, the New York County District Attorney’s Office was notified by the Maryland authorities that the defendant was in their custody. The People were informed that the defendant had been sentenced to six months’ incarceration in Maryland as a result of his arrest. By March 31, 1999, the People had filed a detainer with Anne Arundel County.
In July 1999, the People were contacted regarding their detainer and told that the defendant was scheduled for release that month. The People made arrangements for the defendant to be transported back to New York.
On July 29, 1999, the New York County warrant was vacated and the matter was adjourned to August 5, 1999. On August 5, 1999, the defendant filed a speedy trial motion.
*551 Based on these facts, the court makes the following findings. The entire period between the filing of the accusatory instrument and defendant’s arraignment on the indictment is chargeable to the People. The People concede that this period of 42 days is chargeable time.
The defendant does not assert a position regarding the adjournments from October 26, 1998 to December 16, 1998, the period during which he was instructed to hire private counsel. The court agrees with the People that this period is excludable for purposes of speedy trial calculations.
Defendant alleges that the entire period from December 16, 1998 to July 26, 1999 is chargeable to the People for several reasons. The People maintain that the entire period is excludable.
The defendant maintains that the prosecution had a due diligence requirement to fulfill in attempting to locate him since his address was known to the People and he was living openly and notoriously at that address. Additionally, the defendant notes that he was using his own name and was not attempting to avoid apprehension.
The defendant further contends that once he became incarcerated, a fact which the parties concede was known to the People almost immediately, the entire period from his incarceration in Maryland to his production in New York is chargeable.
The court disagrees with the defendant. This issue was squarely addressed by the New York State Legislature in 1996 when CPL 30.30 was amended. The court notes that it is important to trace the history of CPL 30.30 (4) (c) to fully comprehend the legislative intent behind the 1996 amendment as well as the court’s conclusions of law in this matter.
In 1976, the Court of Appeals decided People v Sturgis (38 NY2d 625), which held that there was no automatic exclusion of time for speedy trial purposes as a result of defendant’s absence or unavailability. In order to properly exclude this period, the Court held that the People were required to show that their delay in announcing ready was, in fact, caused by the defendant’s failure to appear. (People v Sturgis, supra.)
In response to the Sturgis decision (supra) and its progeny, the Legislature amended paragraph (c) so that in a case in which the defendant either escaped from custody or failed to appear having been at liberty on bail or recognizance, the People were no longer required to show “causation” between *552 their failure to answer ready and defendant’s failure to appear. (1984 amendment to CPL 30.30 [4] [c].) The intent of the Legislature was clearly to prevent a defendant from receiving a benefit with respect to a speedy trial issue after willfully failing to return to court on a pending matter.
In amending the statute in 1984, however, the legislators failed to consider the “due diligence” requirement which remained part of the statute. While the legislators were clearly attempting to exempt “bench warrant” cases from exacting a benefit under paragraph (c), their failure to address the independent provision requiring the People to exercise due diligence in ascertaining the whereabouts of an absent defendant led to another distinct line of cases. In People v Bolden (81 NY2d 146 [1993]), the Court of Appeals opined that the due diligence requirement applied to bench warrant cases. This decision led to a plethora of cases in which it was held over and over that the People were required to show that they made a good-faith attempt to locate a defendant subsequent to the issuance of a bench warrant before the exclusion of time mandated by paragraph (c) would apply. (See, People v Luperon, 85 NY2d 71.) The failure of the People to make any attempt to locate a defendant in a timely manner caused the courts to charge them with significant periods of time when a defendant absented himself, albeit willfully, from a court proceeding which required his appearance. (People v Bolden, supra.)
Finally, in 1996, the Legislature attempted to- refine the law as it applied to absconders further by dividing the excludable time periods of paragraph (c) into two categories:
“(i) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; or
“(ii) where the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise.”
*553 The apparent purpose of the amendment was to eliminate the due diligence requirement for prosecutors in attempting to locate a defendant in bench warrant cases. The first clause restates the previously enacted provisions of paragraph (c) thereby extending the decisions in Sturgis (supra) and Bolden (supra). The new addition speaks directly to those cases which involve absconders and moots Bolden as it previously applied to such cases. Thus, in a case in which a defendant who is at liberty on bail or recognizance fails to appear in court, and is not otherwise incarcerated, the People are no longer required to exercise due diligence in attempting to locate the defendant. (CPL 30.30 [4] [c] [ii].)
In the instant case, the defendant concedes that he was not incarcerated on December 16, 1998 when the bench warrant was initially issued by the court. It appears, based on these facts, that the time following the issuance of the bench warrant is clearly excludable pursuant to CPL 30.30 (4) (c) (ii). The court, therefore, finds that the defendant’s argument that due diligence is required is inconsistent with the current state of the law. The court also notes that the cases upon which the defendant relies in support of his position were decided prior to the effective date of the 1996 amendment.
The defendant’s final point, that his subsequent incarceration creates a period of chargeable time, is similarly without merit. While the 1996 amendment does not specifically address this situation, the clear intent of the legislators was to alleviate a burden on the People when dealing with absconders. The defendant suggests that although he was not incarcerated at the time the warrant was issued, his subsequent incarceration makes this a case which should be governed by CPL 30.30 (4) (c) (i). It defies logic that the pivotal date in determining the reason for defendant’s absence would be a day other than the date on which the defendant failed to appear in court. The Governor’s program bill memorandum underlying the bill which eventually passed as CPL 30.30 (4) (c) in 1996 explained that the purpose of the amendment was directed at “criminals who defy their obligation to appear in court.” (1996 NY Legis Ann, at 631.) As Professor Peter Preiser noted in his 1998 Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1999 Pocket Part, at 38), “it * * * could seem anomalous to extend the ambiguous language of the exception through a literal reading to the fortuity of a subsequent arrest when the defendant was actually free to appear on the return date.” Additionally, to construe this *554 otherwise would impose an infinite burden on the police in attempting to locate an absconder. The courts have consistently held that the police are not obliged to search for a defendant indefinitely. (People v Mayhew, 263 AD2d 546 [2d Dept 1999].)
The court, therefore, finds that, in this case, the defendant’s subsequent arrest has no bearing on the speedy trial calculation.* The People filed a detainer with the county correctional facility within two weeks of being notified of defendant’s incarceration in the State of Maryland. The People were therefore diligent in their efforts to obtain defendant’s presence in New York once they learned of his whereabouts. (People v D'Antuono, 263 AD2d 968 [4th Dept 1999]; People v Parker, 186 AD2d 593 [2d Dept 1992].)
Accordingly, the court finds that the entire period from the issuance of the bench warrant to defendant’s involuntary return to this court is excludable. Thus, only 42 days of chargeable time have elapsed.

 It must be noted that we are not confronted with a situation in which a defendant becomes incarcerated in another jurisdiction and, after learning such information, the People fail to make any effort to secure his appearance. (See, People v Williams, 229 AD2d 603 [2d Dept 1996].) While the amendment does not eliminate the court’s discretion in scrutinizing the efforts made by the People once the whereabouts of a defendant are known, it removes the burden, previously placed on the People, of securing such information and excludes all time between the issuance of the warrant and the time such information is learned. (CPL 30.30 [4] [c] [ii].)