■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DELACRUZ, Appellant. [705 NYS2d 637] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 18, 1998, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied his motion to dismiss the indictment on the ground that the People violated the six-month trial readiness requirement set forth in CPL 30.30 (1) (a). The People should not be charged with that period of time in which the defendant was incarcerated under a different name in a different county within the State (*see, People v Mitchell,* 106 AD2d 478). Moreover, the defendant's conduct, including his failure to appear for scheduled court dates and his use of different names, birthdays, Social Security numbers, and addresses, strongly suggest that he was attempting to avoid apprehension or prosecution (*see, People v Torres,* 88 NY2d 928; *People v Jackson,* 150 AD2d 609). Under these circumstances, the People were not required to exercise due diligence to locate the defendant (*see,* CPL 30.30 [4] [former (c), now (c) (i)]; *People v Sigismundi,* 89 NY2d 587; *People v Cadilla,* 245 AD2d 9).

The court providently exercised its discretion in denying the defendant's request, made on the first day of jury selection, for an independent drug test. The motion was untimely and the defendant did not offer an adequate explanation for his failure to seek to have the drugs tested, since they were available for inspection during pretrial discovery (*see,* CPL 255.20 [1]; *People v Molling,* 238 AD2d 915; *People v James,* 233 AD2d 903). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.