OPINION OF THE COURT
Arlene D. Goldberg, J.
Defendant, charged with criminal sale of a controlled substance in the third degree and related narcotics felonies, moves to dismiss the indictment on the ground that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30 (1) (a). The People oppose the motion.
A defendant, who is charged with a felony, is entitled to have the case dismissed if the People are not ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]), absent any excludable periods as provided by CPL 30.30 (4). In this case, the criminal action was commenced on January 30, 1997, by the filing of the felony complaint. Thus, the six-month period in which the People were required to announce their readiness for trial amounts to 181 days. Since the defendant has alleged a delay in excess of the statutory speedy trial time limitation, the People must show sufficient periods of excludable time. (See, People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
Based upon the submissions of the parties, a review of the official court file and the notes of the Judges who presided at the various proceedings, I find as follows:
As conceded by the People, the 19-day delay from January 30,1997 to February 18, 1997, the date the case was calendared in Supreme Court for defendant’s arraignment on the indictment, is includable.
The notes of the Judge presiding, as well as the omnibus motion that was filed by defendant’s prior attorney, confirm the People’s claim that the adjournments covering the period from February 18, 1997 to April 14, 1997 constitute delays attribut *655 able to motion practice initiated by the defense. The entire delay is excludable pursuant to CPL 30.30 (4) (a).
On April 14, 1997, defendant failed to appear and the court stayed a bench warrant to April 17, 1997. As conceded by the defense, this three-day period is not chargeable to the People. (See, People v Notholt, 242 AD2d 251 [1st Dept 1997].)
On April 17, 1997, the court filed a written decision on defendant’s omnibus motion. However, as defendant failed to appear, the bench warrant was issued for his arrest. Approximately two years and four months later, on August 24, 1999, defendant was involuntarily returned on the warrant after being extradited from New Jersey where defendant had been continuously incarcerated, under the same name, since June 10, 1997. Defendant’s incarceration in New Jersey stemmed from an arrest for robbery, burglary and related charges. Defendant pleaded guilty in the New Jersey matter to robbery in the second degree on July 15, 1997, and was sentenced on September 25, 1997 to a five-year term of imprisonment.
At issue on this motion is the chargeable amount of time for the prereadiness period the bench warrant was outstanding.
The defendant does not dispute that he was at liberty from the date the bench warrant issued to the date when he was arrested in New Jersey. He maintains that the delay is chargeable to the People since they have failed to show that they exercised due diligence to locate him during that period. As the offenses charged in this case relate to crimes that allegedly occurred after the effective date of the amendment of CPL 30.30 (4) (c), the People had no obligation to exercise due diligence. Through the amendment, CPL 30.30 (4) (c) (ii) was created, which specifically exempts from the speedy trial time computation, “where the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise.” Therefore, the delay from the date the bench warrant issued to June 10, 1997, when defendant became incarcerated in New Jersey, constitutes excludable time pursuant to CPL 30.30 (4) (c) (ii). (See, People v Howard, 182 Misc 2d 549 [Sup Ct, NY County 1999].)
*656 The focus now turns to the period following the date on which defendant was arrested and detained in New Jersey. As discussed in People v Howard (supra, at 554), the People are under no duty to ascertain incarcerations that occur subsequent to the date a defendant fails to appear in court. However, once the People do learn of the defendant’s detention, due diligence standards apply with respect to obtaining defendant’s presence for trial. (See, CPL 30.30 [4] [c] [i]; [e]; People v Knight, 163 AD2d 583 [2d Dept 1990], lv denied 76 NY2d 894 [1990]; People v Johnson, NYLJ, Apr. 12, 1999, at 29, col 6 [Sup Ct, Queens County].)
The People here concede that the New York City Police Department (hereinafter NYPD) warrant squad was notified of the fact that defendant had been arrested in New Jersey on June 11, 1997. The People also concede that the “WOLF” report, which is attached to their response, reflects that the warrant squad notified the District Attorney’s Office on that date, and faxed a copy of the warrant to New Jersey authorities, acting as a hold on the defendant. It is further conceded that on June 17, 1997, the Central Warrants Unit of the NYPD lodged a copy of the warrant, acting as a detainer, with the Bergen County, New Jersey, Jail. The People contend, however, that neither the extradition unit of the Special Narcotics Prosecutor’s Office nor the New York County District Attorney’s Office has any record of receiving a notification from the NYPD warrant squad on June 11, 1997. According to the People, they had no personal knowledge that the defendant was incarcerated in New Jersey until they received a letter from a New York County Supreme Court Clerk, which is dated February 26, 1998. The letter from the Clerk was prompted by defendant’s February 9, 1998 written inquiry as to the name and address of the attorney who represented him on the pending New York indictment. The People maintain that since they instituted the procedural steps for extraditing the defendant from New Jersey on March 4, 1998, and continuously thereafter diligently did everything necessary to obtain defendant’s presence, which is evidenced by the documentation attached to their response, the entire time the bench warrant was outstanding must be found to be excludable pursuant to CPL 30.30 (4) (e).
Alternatively, the People contend that even assuming that the contents of the WOLF report, reflecting notification to the District Attorney, are correct, the filing of the detainer in June of 1997 was sufficient to toll the CPL 30.30 time clock. This *657 contention is based on the prosecutor’s belief that New Jersey authorities would not have allowed defendant’s release to New York until after the New Jersey case was concluded due to the serious nature of the charges defendant faced there.
It is well settled that the mere filing of a detainer does not satisfy the CPL 30.30 due diligence requirement. (See, People v Billups, 105 AD2d 795 [2d Dept 1984]; People v Melendez, 92 AD2d 904 [2d Dept 1983].) Thus, where the People fail to utilize the statutory procedures set forth in the Criminal Procedure Law for securing the attendance of incarcerated defendants, courts have held the delay to be includable. (See, supra; People v Scott, 242 AD2d 478 [1st Dept 1997], lv denied 91 NY2d 836 [1997]; People v Cropper, 202 AD2d 603 [2d Dept 1994], lv denied 84 NY2d 824 [1994].) The obligation to employ the statutorily described methods will not be excused unless the People have been “ ‘unequivocally advised’ ” (emphasis supplied) that the defendant would not be released prior to trial and/or sentencing (see, People v Scott, supra, at 479). Even then, there must be a showing that the People, after being so advised, continued to make reasonable efforts to obtain defendant’s presence. That both are required is evident from the case of People v Gonzalez (235 AD2d 366 [1st Dept 1997], lv denied 89 NY2d 1093 [1997]). There, the People had failed to obtain a writ of habeas corpus ad prosequendum. The Appellate Division ruled that it was not necessary since it would have been an obvious futile gesture. The futility arose from the fact that the People had been unequivocally advised by the Federal prosecutor that the defendant would not be released prior to the Federal trial. Thereafter, for a period of six months, the People frequently called the Federal prosecutor for updates on the status of defendant’s case. Based on the combination of these factors, the Appellate Division concluded that the People had been diligent and made reasonable efforts to obtain defendant’s presence for trial on the New York matter.
In contrast to the Gonzalez case (supra), the People here were never unequivocally advised that the defendant would not be released to New York until the New Jersey matter had been concluded. The People merely speculate that this would have been New Jersey’s response. That is not a sufficient basis upon which to predicate a speedy trial time exclusion for the period defendant was in detention in another jurisdiction. Additionally, the defendant’s New Jersey case had concluded on September 25, 1997, when he was sentenced. Thus, the purported grounds on which the People claim New Jersey *658 would have arguably withheld their consent to defendant’s extradition to New York no longer existed as of that date. In light of this, even if the People’s hypothesis was correct, it would not supply a basis for excluding the delay in arranging for defendant’s return after the New Jersey sentence was imposed.
For all the above-stated reasons; the People’s contention that they satisfied due diligence requirements when the detainer was filed in June of 1997 is rejected. The court finds that the submissions by the People demonstrate that the diligence required for an exclusion did not occur until March 4, 1998, when the People began the process necessary to have the defendant extradited from New- Jersey. The People’s submissions further show that they continued to exercise due diligence up until August 24, 1999, when the defendant was produced in Part 70. Accordingly, the period from March 4, 1998 to August 24, 1999 is held to be excludable pursuant to CPL 30.30 (4) (e).
The final issue to be addressed is whether the period from June 11, 1997 to March 4, 1998 is excludable because the People assertedly had no actual knowledge that defendant was incarcerated in New Jersey until they received the February 26, 1998 letter from the New York County Supreme Court Clerk. A review of relevant case law shows that, under the circumstances, it is not.
The WOLF report clearly reflects that the warrant squad notified the District Attorney’s Office. The fact that the People have no record of receiving the notification does not constitute a sufficient basis for concluding that the notice was never sent. However, in this case, a hearing to determine whether or not the notice was sent to and/or received by the District Attorney is not essential to resolving the status of the delay which the People seek to exclude. This is so because the People’s description of events demonstrates that they had imputed knowledge of defendant’s incarceration in New Jersey, which is sufficient to hold them accountable for the failure to exercise the diligence required by the statute. In this regard, the People do not dispute that the New York City Police Department warrant squad had notice of defendant’s incarceration in New Jersey on June 11, 1997, and that the New York police lodged a detainer against the defendant. It is well settled that knowledge on the part of the police department or other law enforcement agency is imputed to the District Attorney’s Office and that the defendant may not be penalized based on a failure of internal communication within the law enforcement establishment. (See, *659 People v McLaurin, 38 NY2d 123, 126 [1975]; People v Ramos, 230 AD2d 630 [1st Dept 1996]; People v Lesley, 232 AD2d 259 [1st Dept 1996], lv granted 89 NY2d 868 [1996], appeal dismissed 89 NY2d 954 [1997]; People v Hinton, 181 AD2d 696 [2d Dept 1992], lv granted 79 NY2d 1050 [1992], appeal dismissed 81 NY2d 867 [1993].)
Since the People had imputed knowledge of defendant’s incarceration in New Jersey on June 11, 1997, but failed to exercise the requisite due diligence to obtain defendant’s presence for trial until March 4, 1998, the approximately nine-month delay that elapsed in the intervening period is fully chargeable to the People. Based on this delay alone, defendant’s speedy trial motion must be granted. It is, therefore, not necessary to determine the status of the adjournments that occurred after defendant was returned on the warrant.
The indictment is dismissed.