■ The People of the State of New York, Appellant, v Rasheen Mapp, Respondent. [763 NYS2d 194] —Appeal by the People from an order of the Supreme Court, Kings County (Greenberg, J.), dated May 31, 2002, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is affirmed.

The People contend that the Supreme Court erroneously dismissed the indictment because the time chargeable to them was within the six-month statutory time limit, which in this case totaled 181 days. We disagree.

The People concede that 163 days, from the first arraignment of the defendant until the filing of the statement of readiness, were chargeable to them. However, they contend that, pursuant to CPL 30.30 (4) (c) (ii), once a bench warrant was ordered upon the defendant's failure to appear for arraignment in March 2001, the entire period from that date until the defendant was produced in March 2002 was not chargeable to the People.

We agree that the People were not required to exercise due diligence once the defendant failed to appear for arraignment, even after his subsequent arrest and incarceration upon an unrelated matter (*see People v Howard,* 182 Misc 2d 549, 553 [1999]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 215). However, once the defendant was interviewed by members of the New York City Police Department, sometime after his arrest in August of 2001, knowledge of the defendant's whereabouts from that time on must be imputed to the District Attorney's office (*see People v McLaurin,* 38 NY2d 123, 126 [1975]; *People v Ramos,* 230 AD2d 630 [1996]; *cf. People v Sigismundi,* 89 NY2d 587, 593 [1997] [knowledge of an incarcerated defendant's location would not be imputed to the People where, by using an alias and giving different pedigree information, the defendant

showed that he was attempting to avoid prosecution when he was arrested for the second time]; *People v Delacruz,* 271 AD2d 452 [2000] [People should not be charged with that period of time in which the defendant was incarcerated under a different name in a different county within the state]).

Once the District Attorney had actual knowledge of the defendant's whereabouts, the defendant would be considered "unavailable," as defined by CPL 30.30 (4) (c) (i), and the delay excluded only if the People were able to show that they had exercised due diligence in attempting to obtain the defendant's presence for trial *(see* CPL 30.30 [4] [c] [i]; *People v Knight,* 163 AD2d 583, 585 [1990]). The People failed to do so. Accordingly, the Supreme Court properly charged the People with the period beginning when the District Attorney's office had knowledge of the defendant's whereabouts, until March 25, 2002, when the defendant was produced for arraignment.

The People's alternative contention, that responsibility for securing a defendant's appearance for arraignment on the indictment lies exclusively with the court, and once the People filed their statement of readiness, no subsequent delay could be charged to them, is not preserved for appellate review. In any event, there is no merit to the contention *(see* CPL 30.30 [3] [b]; *People v Carter,* 91 NY2d 795, 799 [1998]; *People v McKenna,* 76 NY2d 59, 64 [1990]; *People v Anderson,* 66 NY2d 529 [1985]). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.