*356 OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in the captioned indictment with criminal possession of a weapon in the third degree and related offenses. On June 14, 2007 defendant filed a written motion to dismiss the indictment pursuant to GPL 30.30 on the ground that he had been denied the right to a speedy trial. The People opposed the motion to dismiss in their response filed on July 3, 2007. Defense counsel stated he would not submit a reply. The court bases its decision on the submissions by the parties, the court’s own notes, relevant stenographic minutes, and the applicable law.
For speedy trial purposes, this matter is deemed to have commenced on March 29, 2006 upon the filing of the criminal court complaint. (People v Lomax, 50 NY2d 351 [1980].) Pursuant to GPL 30.30 (1) (a), the People were required to answer ready for trial on the indictment within six months of the commencement of the criminal action which, in this case, totals 184 days. Defendant’s motion alleges that the People have exceeded the six-month statutory period in which to be ready for trial. Accordingly, the People have the burden of demonstrating sufficient periods of excludable time in order to establish readiness within the six-month statutory time. (People v Berkowitz, 50 NY2d 333 [1980].) Once the prosecution has responded to the defense motion by identifying the exclusions on which it intends to rely, the burden then shifts to the defense to identify any legal or factual impediments to the use of those exclusions. (People v Luperon, 85 NY2d 71, 78 [1995].)
March 29, 2006 to March 31, 2006
This action is deemed to have commenced on March 29, 2006 with the filing of the criminal court complaint. On March 30, 2006, defendant was arraigned while in the hospital and indicated his desire to testify before the grand jury. The case was then adjourned to March 31, 2006 in Part A, the GPL 180.80 date. The People are charged with two days.
March 31, 2006 to May 8, 2006
On March 31, 2006, there had been no grand jury action and defendant was released from custody pursuant to GPL 180.80 and the case was adjourned to May 8, 2006 in Part A for grand jury action. The People are charged with 38 days.
May 8, 2006 to June 5, 2006
On May 8, 2006, defendant did not appear in Part A and the court stayed a bench warrant. The matter was adjourned to *357 June 5, 2006. This period is excludable. (People v Benjamin, 292 AD2d 191 [1st Dept 2002].)
June 5, 2006 to August 2, 2006
On June 5, 2006, defendant again did not appear and the court stayed a bench warrant. The case was adjourned to August 2, 2006 in Part T3. This period is excludable. (People v Benjamin, supra.)
August 2, 2006 to May 16, 2007
On August 2, 2006, defendant, who was at liberty, did not appear in court and the court issued a bench warrant. Subsequently, unbeknownst to the court or the People, defendant was picked up on a parole violation on September 15, 2006, after which he was incarcerated in Malone, New York, where he remained continuously until May 16, 2007, when he was produced before the court. On April 26, 2007, defense counsel notified the People for the first time that his client was incarcerated in a New York State facility in Malone, New York. The People then produced defendant in Part T3 on May 16, 2007 at which time defendant was arraigned on the indictment and the People stated ready for trial.[1]
CPL 30.30 (4) (c) (ii) provides that the following period is to be excluded in computing the time in which the People are required to be ready for trial:
“where the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise.”
While defendant was not in custody on the parole violation on August 2, 2006 when the bench warrant was issued, defendant appears to contend that his subsequent incarceration prevents the People from relying on CPL 30.30 (4) (c) (ii) to exclude any time during which the warrant was outstanding. The statute’s *358 qualification “provided the defendant is not in custody on another matter” clearly means that the exclusion is applicable provided defendant was not in custody on another matter on the date he was required to appear and the bench warrant was issued. (See Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, at 217.) Therefore, the period during which defendant was at liberty and was the subject of a bench warrant issued based on his failure to appear in court when required is excludable pursuant to CPL 30.30 (4) (c) (ii) and his subsequent incarceration does not affect the exclusion of that earlier period. (See People v Howard, 182 Misc 2d 549 [Sup Ct, NY County 1999].) Accordingly, the period from August 2, 2006 to defendant’s subsequent incarceration on or about September 15, 2006 is excludable time. (CPL 30.30 [4] [c] [ii].)
Defendant argues that the People should be charged with the period during which he was incarcerated in Malone, New York, until he was produced before the court on the bench warrant and the People answered ready for trial. The issue is whether the exclusion of the bench warrant period pursuant to CPL 30.30 (4) (c) (ii) continues while defendant was incarcerated on the parole violation. That issue appears to have been addressed by only one appellate court, whose decision is discussed infra, and the lower court decisions on the issue are inconsistent.[2] Prior to the 1996 amendment of CPL 30.30 (4) (c), the People could only exclude the period during which a defendant was the subject of a bench warrant if the defendant was “absent” or “unavailable.” In People v Bolden (81 NY2d 146, 150 [1993]), the court held that former CPL 30.30 (4) (c) required due diligence to execute a bench warrant against a defendant because the statute provided that “[a] defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence” (emphasis added). Thereafter, in 1996, the legislature amended CPL 30.30 (4) (c), separating the *359 exclusion for an “absent” or “unavailable” defendant from the exclusion for a defendant who is the subject of a bench warrant for having failed to appear when required. It is widely acknowledged that the amendment was intended to eliminate the previously required statutory obligation to use due diligence to locate a defendant who had voluntarily failed to appear in court and for whom a bench warrant had been issued. See the discussion of the 1996 amendment in People v Howard (supra).
Therefore, it appears that the legislature clearly intended that the exclusion of time for those defendants statutorily defined by CPL 30.30 (4) (c) (i) as being “absent” or “unavailable” is to be read separately from the exclusion of time for those defendants for whom a bench warrant has been issued as provided in CPL 30.30 (4) (c) (ii). Accordingly, the plain language of clause (ii) in CPL 30.30 (4) (c) is that, if the defendant is not in custody on the date required to appear and a bench warrant is issued, the exclusion of time continues until defendant is returned on the warrant. If the qualification to that clause, “provided the defendant is not in custody on another matter,” means that the exclusion of time ends when defendant is subsequently incarcerated on another matter, the clause would have further set forth the obligations of the People to locate and produce the defendant. The court should not look to other clauses of CPL 30.30 (4) to construe qualifications or limitations to CPL 30.30 (4) (c) (ii) where the statute does not set forth such a limitation or qualification.
The single Appellate Division decision addressing the issue presented here is People v Mapp (308 AD2d 463 [2d Dept 2003]). If that decision were on point this court would be obligated to follow it in the absence of controlling authority in this Department. In People v Mapp (supra), the Court acknowledged that the People were not required to exercise due diligence, presumably to locate the defendant, after the issuance of the bench warrant “even after his subsequent arrest and incarceration upon an unrelated matter” (People v Mapp at 463). Yet that Court found that once members of the New York City Police Department interviewed the defendant, knowledge of the defendant’s location was imputed to the District Attorney. That Court then found that, under those circumstances, the District Attorney should be charged with failing “to obtain the defendant’s presence for trial” (People v Mapp at 464). That case is distinguishable for two reasons. One, the imputed knowledge, *360 whether properly applied or not,[3] was based on the actual knowledge of defendant’s incarceration by the Police Department that was charged with executing the outstanding bench warrant. Second, that Court charged the People with failing to produce the defendant, not failing to locate him. In this case defendant was in the custody of the New York State Department of Correctional Services on a parole violation. Accordingly, People v Mapp (supra) is not controlling authority in this case. Therefore, this court holds that, once the bench warrant exclusion properly takes effect, the time is excluded until defendant is returned on the warrant.[4] Accordingly, the period from September 15, 2006 to May 16, 2007 is excludable.
May 16, 2007 to May 30, 2007
On May 16, 2007, defendant was produced in court, the bench warrant was vacated and defendant was arraigned on the indictment. The People stated ready for trial. The case was adjourned to May 30, 2007 for possible disposition. This period is excludable. (CPL 30.30 [4] [b].)
May 30, 2007 to Present
On May 30, 2007, defense counsel indicated his intention to file the instant speedy trial motion. The case was subsequently adjourned for motion practice and the court’s decision on *361 defendant’s motion. This period is excludable. (CPL 30.30 [4] [a].)
In sum, the court finds that the People have amassed 40 days of prereadiness time and 0 days of postreadiness time. Accordingly, defendant’s motion to dismiss the indictment is denied.

. The People contend that they answered ready for trial on August 2, 2006 when the bench warrant was issued. The court has obtained the minutes of that proceeding and they reflect that the People did not state their readiness for trial on that date.

. In People v Howard (supra), the court reached the same conclusion as does this court. In People v Neuble (NYLJ, Mar. 20, 2000, at 29, col 6 [Crim Ct, Kings County]), the court applied Court of Appeals holdings interpreting the pre-1996 version of CPL 30.30 (4) (c) concerning whether or not the People were required to use due diligence to locate bench warrant defendants to a post-1996 case. In People v Johnson (NYLJ, Apr. 12, 1999, at 29, col 6 [Sup Ct, Queens County]), the court applied CPL 30.30 (4) (e) to a bench warrant defendant, apparently concluding that subdivision (4) (e) limited the exclusion of warrant time otherwise excluded under CPL 30.30 (4) (c) (ii).

. In People v Sigismundi (89 NY2d 587 [1997]), the Court held that where the statute deemed a defendant to be absent, whose location was “unknown” and who was attempting to avoid apprehension, due diligence was not required to execute the bench warrant. The Court further held that, under those circumstances, the doctrine of “imputed knowledge” of defendant’s location based on defendant’s custody by other law enforcement authorities was not applicable. It would appear that the legislature sought to distinguish the absent defendant from the bench warrant defendant by amending CPL 30.30 (4) (c) in 1996 to separate the provisions relating to those two categories of defendants. Accordingly, imputed knowledge, a derivative of due diligence, would be inapplicable to the bench warrant defendant, as due diligence is not required to execute a bench warrant against a defendant under current CPL 30.30 (4) (c) (ii).

, This court acknowledges that CPL 30.30 (4) (c) (ii), which it holds should be read separately from the other clauses of CPL 30.30 (4) (c), does not address what action is required where the District Attorney’s Office or the Police Department of that District Attorney’s jurisdiction has actual knowledge of the defendant’s incarceration after the issuance of a bench warrant. Yet, every court that has confronted such a situation has found that even if the People are not obligated to use due diligence to find the defendant, they must use due diligence to return the defendant on the warrant if defendant’s location is known. (See People v Anderson, 66 NY2d 529 [1985]; People v Mapp, 308 AD2d 463 [2d Dept 2003]; People v Howard, supra; People v Delacruz, 184 Misc 2d 653 [Sup Ct, NY County 2000].)