People v Dean (2025 NY Slip Op 50280(U))

[*1]

People v Dean

2025 NY Slip Op 50280(U)

Decided on February 21, 2025

Criminal Court Of The City Of New York, Bronx County

Sorrentino, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Jay Dean, Defendant.

Docket No. CR-005462-21BX

For the People: ADA Ashley Akl, Office of Darcel D. Clark, Bronx County District Attorney 
For Defendant: Marcus Hyde, The Legal Aid Society, 260 E. 161st Street, Bronx NY 10451

Joseph Sorrentino, J.

The defendant Jay Dean is accused of multiple misdemeanor offenses under two dockets. Under Docket CR-005462-21BX ("462"), the defendant is charged by information with two counts of Menacing in the Second Degree, Penal Law ("PL") § 120.14(1), one count of Assault in the Third Degree, PL § 120.00(1) and two counts of Criminal Possession of a Weapon in the 4th Degree, PL § 265.01(2), all Class A misdemeanors. Under this docket, he is also charged with one count of Attempted Assault in the Third Degree, PL § 110/120.00(1), and two counts of Menacing in the Third Degree, PL § 120.15, class B misdemeanors, and two counts of Harassment in the Second Degree, PL § 240.26(1), a violation.
Under Docket CR-010059-21BX ("059"), the defendant is charged by information with one count of Assault in the Third Degree, PL § 120.00(1), one count of Menacing in the Second Degree, PL § 120.14(1), and one count of Criminal Possession of a Weapon in the Fourth Degree, PL § 265.01(2), all Class A misdemeanors. Under this docket, he is also charged with one count of Menacing in the Third Degree, PL § 120.15, a class B misdemeanor, and one count of Harassment in the Second Degree, PL § 240.26(1), a violation.
By motions on each docket dated October 28, 2024, the defendant moves to invalidate the People's Certificate of Compliance ("COC") and dismiss the case pursuant to CPL § 30.30(1)(b), arguing the People have exceeded their allotted speedy trial time of 90 days. The People oppose the motions. For the reasons explained below, those branches of the defendant's motions which are to dismiss the accusatory instruments on speedy trial grounds are GRANTED. The remaining contentions have been rendered academic.
PERTINENT FACTUAL ALLEGATIONS AND
PROCEDURAL HISTORY
Docket CR-005462-21BX
Under Docket 462, on or about April 6, 2021, at approximately 9:45 PM at the southwest corner of Arthur Avenue and East Tremont Avenue in the Bronx, the defendant is alleged, inter alia, to have struck the complainant G.D. with a hammer.
The defendant was arrested that same day and arraigned on April 7, 2021. The case was adjourned for the People to convert the complaint to an information and certify their discovery compliance.
Docket CR-010059-21BX
Under docket 059, on or about July 11, 2021, at approximately 8:23 PM in front of 2241 Webster Avenue in the Bronx, the defendant is alleged, inter alia, to have used a hammer to strike the complainant A.M. multiple times.
The defendant was arrested that same day and was arraigned on July 13, 2021. Bail was set and the case was adjourned to July 16, 2021, for the People to convert the case and file their COC. Thereafter on July 16, 2021, the People converted their case and the Court lowered bail, which the defendant posted later that day.
Procedural History
On docket 462, the People filed their first COC and Statement of Readiness ("SOR") on June 28, 2021. Thereafter, the People filed a supplemental COC ("SCOC") on September 16, 2024. On docket 059, the People served their COC and SOR on October 8, 2021, and their SCOC and SOR on September 16, 2024.
The defendant moves on both dockets to invalidate the People's COCs and SORs. The defendant also argues that more than 90 days on both dockets have elapsed, and the defendant's cases should be dismissed. The crux of defendant's argument as it pertains to the People's CPL § 30.30 time on each case is that the defendant was in the custody of the Schenectady County Sheriff's Office in New York from October 22, 2021, through January 10, 2023. Thereafter, he was in custody of the Department of Corrections and Community Supervision ("DOCCS") from January 10, 2023, through October 19, 2023, at Midstate Correctional Facility. Therefore, the defendant argues that pursuant to CPL § 30.30(4)(e) this time should be charged to the People for failing to produce him in court on each docket.
The People filed their opposition for each docket on December 6, 2024. The People argue that their speedy trial time has not expired on either case because they had no actual knowledge of the defendant's whereabouts after he bench warranted on October 13, 2021, in each matter. Additionally, the People argue that because the defendant was under bench warrant status in the Bronx at the time he was incarcerated in Schenectady, they were under no duty to locate the defendant because Schenectady is outside the jurisdictional parameters of the Bronx County warrant. As to the discovery challenges raised by the defendant, the People argue that they exercised due diligence in accordance with CPL § 245.20.
The Court will address the defendant's speedy trial arguments, which are dispositive in each case.
Motion to Dismiss — CPL § 30.30
The People must be ready for trial within 90 days of the commencement of a criminal action if, as here, the most serious offense is a class A misdemeanor punishable by a sentence of imprisonment of more than three months. CPL § 30.30 (1)(b). Although a criminal action [*2]commences with the filing of an accusatory instrument, computation for speedy trial purposes commences on the next day. People v. Stiles, 70 NY2d 765 (1987).
In determining whether the People have satisfied their obligation to be ready for trial under CPL § 30.30, the court must calculate the time between the filing of the first accusatory instrument and the People's declaration of readiness, then subtract any statutorily excludable periods of delay, and finally add any periods of post-readiness delay that are attributable to the People for which no statutory exclusions apply. People v. Cortes, 80 NY2d 201 (1992). The People bear the burden of proving that certain periods of time should be excluded. People v. Berkowitz, 50 NY2d 333, 349 (1980).
Docket 462
Defendant was arraigned on this docket on April 7, 2021, and the case was adjourned for conversion and COC to May 17, 2021. The People did not file their COC during this adjournment. The People are charged with 40 days.
On May 17, 2021, the defendant failed to appear, but a bench warrant was stayed. The case was adjourned to June 29, 2021. During this time the People filed their COC and SOR and converted the case on June 28, 2021. The Court deemed this COC and SOR valid.
Thereafter the defendant failed to appear at consecutive court dates through October 13, 2021, and the Court stayed a bench warrant at each appearance. The time from May 17, 2021, to October 13, 2021, is excludable pursuant to CPL § 30.30(4)(c); People v. Notholt, 242 AD2d 251 (First Dept, 1997).
On October 13, 2021, the defendant failed to appear again, and a bench warrant was issued.
Docket 059
The defendant was arraigned on this docket on July 13, 2021. Bail was set and the case was adjourned to July 16, 2021, for conversion and a COC. The People filed their supporting deposition on July 15, 2021, but no COC or SOR. The People are charged with three days.
On July 16, 2021, the complaint was deemed an information, and the Court lowered the defendant's bail, which was posted that same day, and the defendant was released from custody. No COC or SOR was filed by the People and the case was adjourned to August 5, 2021, for the People to file their COC. The People are charged with 20 days.
On August 5, 2021, the People had not yet filed their COC or SOR. The case was adjourned to September 20, 2021, for this purpose. The People are charged with 46 days.
On September 20, 2021, the defendant failed to appear, and the Court stayed a bench warrant until October 13, 2021. This adjournment is excludable pursuant to CPL § 30.30(4)(c); People v. Notholt, 242 AD2d 251 (First Dept, 1997).
On October 13, 2021, the defendant failed to appear again, and a bench warrant was issued.
October 22, 2021- May 10, 2024, for both dockets
On October 22, 2021, the defendant was arrested on a separate matter in Schenectady County. He remained in custody with the Schenectady County Sherriff's Office from October 22, 2021, until January 10, 2023, a total of 445 days. He was held in custody under the same New York State Identification ("NYSID") number, and name used in his Bronx County cases. Thereafter, he was transferred to DOCCS custody at the Midstate Correctional Facility under the same NYSID number and name from January 10, 2023, until October 19, 2023, 282 days. Finally, from October 19, 2023, until April 19, 2024, the defendant was released to Parole [*3]Supervision, also operated by DOCCS, for 183 days. At no point during this entire period was the defendant produced by the People in court in Bronx County to clear his bench warrants and move his cases forward.
The defendant argues that the People should be charged with all of the time between October 22, 2021, when the defendant was arrested in Schenectady County, and May 10, 2024, the date he was finally returned to Bronx Criminal Court to clear his bench warrants, following an arrest for theft of services which the People declined to prosecute. The defendant contends that the People failed to exercise due diligence in obtaining the defendant's appearance in the Bronx once he was in the custody of New York State law enforcement [FN1]
, pursuant to People v. Anderson, 66 NY2d 529 (1985). Further, the defendant argues that knowledge of the defendant's incarceration by law enforcement is imputed to the People such that they have an obligation to have him produced in court. People v. McLaurin, 38 NY2d 123 (1975); People v. Ramos, 230 AD2d 630 (First Dept, 1996). 
Relying on People v. Penil, 18 Misc 3d 355 (2007), the People argue this time should be excluded because the defendant bench warranted before he was arrested in Schenectady County, and the People had no knowledge of the defendant's incarceration because Schenectady County is outside the parameters of the "Bronx County Criminal Court misdemeanor warrant [FN2]
." Additionally, the People assert that they are informed by detectives from the Bronx Warrant Squad, as well as members of their Extradition Bureau, that extradition notifications only occur for certain categories of felony cases and, therefore, no extradition notice would be sent for this case.
In computing the time in which the People must be ready for trial, CPL § 30.30(4) sets forth certain periods of time which must be excluded. With respect to CPL § 30.30(4)(c), on October 4, 1996, the subdivision was amended such that it was divided into two parts. CPL § 30.30(c)(i) provides that the following period of time must be excluded: "the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence."
CPL § 30.30(c)(ii) provides that the following time must be excluded: "where the defendant has either escaped from custody or has failed to appear when required after having been previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pursuant to section 530.70 of this chapter because of the defendant's failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise."
Here, when a bench warrant was issued on October 13, 2021, CPL § 30.30(c)(ii) applied [*4]and time was excluded pursuant to that subsection. However, the critical issue here is whether knowledge of the defendant's whereabouts was imputed to the People at a certain point before the defendant was returned on the bench warrant, such that the defendant became "unavailable" within the meaning of CPL § 30.30(c)(i). If the defendant became "unavailable" within the meaning of CPL § 30.30(c)(i), then the People would be required to show that the defendant's presence for trial could not be obtained by due diligence in order for the period of time to be excluded from their speedy trial calculation.
Caselaw
In analyzing the relevant caselaw on this issue, the Court finds the analysis in People v. Mapp, 308 AD2d 463 (Second Dept, 2003) to be most on point.
In Mapp, the defendant failed to appear at his arraignment and a bench warrant was ordered in March 2001. Thereafter, the defendant was arrested and incarcerated on another matter in August 2001. The Court agreed with the People that once the bench warrant was issued, they no longer were obligated to exercise due diligence to locate the defendant, citing to People v. Howard, 182 Misc 2d 549 (Supt Ct, New York County, 1999). However, once the defendant was interviewed by law enforcement, specifically the NYPD, such knowledge of the defendant's location was imputed to the People. This triggered the People's obligations under CPL § 30.30(4)(c)(i), because now the defendant was presumed "unavailable" and, therefore, for purposes of speedy trial, unless the People could show due diligence in locating him, the time would be charged against them. People v. Mapp, 308 AD2d 463. Since the People failed to show such due diligence, the Second Department found that the People were properly charged with the period beginning when the Kings County District Attorney's office had knowledge of the defendant's whereabouts (which was imputed from law enforcement) until the date when the defendant was produced at arraignment. The Second Department held that CPL § 30.30(4)(c)(i) required the People to exercise due diligence to secure the defendant's presence for trial when the defendant's location is known by the People. People v. Mapp, 308 AD2d 463. As the People failed to make such due diligence showing, the Second Department affirmed the order of the Supreme Court which granted the defendant's motion to dismiss the indictment pursuant to CPL § 30.30. Notably, in Mapp, the Court of Appeals denied an application for leave to appeal from the Second Department's decision and order (1 NY3d 575). 
Mapp relies on two cases in particular to support its holding. These cases are People v. McLaurin, 38 NY2d 123 (1975) and People v. Ramos, 230 AD2d 630 (First Dept, 1996).
In McLaurin, the defendant was indicted in Bronx County on September 30, 1968, for various felonies. He was released on bail and his case was adjourned to December 20, 1968; however, on December 13, 1968, he was arrested and incarcerated in New Jersey on multiple felony charges, for which he was ultimately sentenced to 5-7 years of imprisonment in New Jersey. He was in custody in New Jersey until June 25, 1972, when a detainer was filed. People v. McLaurin, 38 NY2d 123-125. The Court of Appeals found that when the defendant was incarcerated in another state, such delay was not excludable when the People had knowledge of his whereabouts and made "no diligent efforts to obtain his presence for trial." Id. Specifically, the Court of Appeals found that if knowledge of the defendant's whereabouts by law enforcement authorities was established, "[k]nowledge on the part of the police department would, of course, be imputed to the District Attorney's office." Id. The Court of Appeals also stated that "[a] defendant ought not be penalized because of any inadequacy of internal communication within the law enforcement establishment [citation removed]." Id. at 126. [*5]Additionally, the Court of Appeals indicated that the burden was on the People to demonstrate that the defendant was not brought to court for "good cause." Id.
Similarly in Ramos, 230 AD2d 630 (First Dept, 1996), the First Department found it was proper to charge the People with the time the defendant was in bench warrant status from September 16, 1992, until his return on May 7, 1993. This was because the defendant was incarcerated in Sullivan County beginning on September 9, 1992, and defense counsel notified the People of this arrest on September 18, 1992. Id. Additionally, the defendant "could have been located through the use of his name and NYSID number" while incarcerated, and yet the People failed to utilize this information. Finally, the First Department reiterated the holding in McLaurin that knowledge of the defendant's whereabouts by law enforcement was imputed to the People, and that "defendant may not be penalized for failure of internal communication within the law enforcement establishment." Id.
In Mapp, the Second Department, through use of a "cf." citation, compared McLaurin and Ramos to People v. Sigismundi, 89 NY2d 587 (1997) and People v. Delacruz, 271 AD2d 452 (Second Dept, 2000). Indeed, the defendants in both Sigismundi and Delacruz had a history of using aliases. In Sigismundi, after an initial arrest and arraignment, the defendant was rearrested using a different name, and incarcerated under a different NYSID number being associated with that name. In Delacruz, the defendant was incarcerated in another county using a different name. Both cases stand for the proposition that knowledge of an incarcerated defendant's location will not be imputed to the People where, by using an alias and giving different pedigree information, the defendant shows that he was attempting to avoid prosecution when he was arrested for the second time. Therefore, the People would not be required under such a scenario to demonstrate due diligence to locate the defendant.
Finally, there is People v. Penil, which the People argue this Court should follow. In Penil, the defendant bench warranted in Bronx County on August 2, 2006, and subsequently was arrested and incarcerated in Monroe County on a parole violation. On April 26, 2007, the defendant's lawyer notified the People of the defendant's incarceration, and the defendant was subsequently produced on May 16, 2007. The Court declined to charge the People with the time after the Court's bench warrant on August 2, 2006, under CPL § 30.30(4)(c)(ii), the only statute the Court analyzed.
This Court declines to follow Penil for the following reasons. While the Penil court viewed Mapp as the "single Appellate Division decision addressing the issue," the Penil decision does not address the Court of Appeals' holding in McLaurin or the First Department's reasoning in Ramos, regarding when knowledge of a defendant's whereabouts can be imputed to the People. People v. Penil, 18 Misc 3d at 359. The Penil court reads Mapp as imputing knowledge to the People only because the NYPD had direct knowledge of the defendant's subsequent incarceration, and the NYPD was the entity charged with executing the bench warrant in Mapp. However, the fact that the NYPD gained knowledge of the defendant's whereabouts, as opposed to another law enforcement agency in New York State, was not the cornerstone of the Mapp decision. Reviewing the cases relied on in Mapp, it is this Court's opinion that Mapp was not meant to be read as narrowly as the Penil court suggests. In fact, Mapp relies on cases that are binding on this Court, specifically People v. McLaurin and People v. Ramos, which impute law enforcement's knowledge of a defendant's incarceration to the People where the defendant is incarcerated using the same name and NYSID number. Indeed, in its cf. citations, People v. Sigismundi and People v. DelaCruz, Mapp acknowledges there is no imputation where an [*6]individual uses an alias and there is a different NYSID number pertaining to a defendant's incarceration such that no connection could be made between the incarcerated individual and the individual who bench warranted. Id. Nowhere does Mapp limit its holding to imputing knowledge of the Mapp defendant's whereabouts to the Kings County District Attorney's office only because the specific law enforcement agency of the NYPD knew of the defendant's location. Rather, Mapp follows the holdings in McLaurin and Ramos in finding that, once the defendant was interviewed by the NYPD, a law enforcement agency, knowledge of the defendant's whereabouts must be imputed to the District Attorney's office. Mapp 308 AD2d at 463. 
Moreover, the defendant in Penil was not incarcerated on unrelated additional charges brought by a law enforcement agency. Rather, the defendant was in custody for a parole violation, which is run by DOCCS, an agency not clearly defined as law enforcement. See People v. Kelly, 88 NY2d 248, 253 (1996). Finally, Mapp reiterates that once knowledge is imputed to the People, the defendant is no longer within the purview of CPL § 30.30(4)(c)(ii) and, instead, is considered "unavailable" under CPL § 30.30(4)(c)(i). Consequently, to exclude the time a defendant is "unavailable," the People are required to show that they exercised due diligence in attempting to obtain the defendant's presence for trial pursuant to CPL § 30.30(4)(c)(i). People v. Mapp, 308 AD2d 463.
Based on the above analysis, once the defendant was in the custody of law enforcement in Schenectady County under the same name and NYSID number [FN3]
, knowledge of the defendant's whereabouts by a law enforcement agency, i.e. the Schenectady Sherriff's Office, was imputed to the People. As in McLaurin, Mapp, and Ramos, and unlike in Sigismundi and DelaCruz, the defendant in the present case was arrested and incarcerated in Schenectady County, as well as the DOCCS system, using the same name and NYSID number as in his Bronx County cases, as demonstrated in defense's motion in Exhibit D and E. Under McLaurin, knowledge of defendant's whereabouts by the Schenectady County Sherriff's Office is imputed to the Bronx District Attorney's Office. The defendant therefore became "unavailable" under CPL § 30.30(4)(c)(i) beginning October 22, 2021, and, as such, the People were required to show that they had exercised due diligence in attempting to obtain the defendant's presence for trial. People v. Mapp, 308 AD2d at 464. The People's papers are devoid of any attempts to produce the defendant in Bronx County to clear his warrant. The People provided no proof other than a general mention of a conversation with the Bronx County Warrant Squad about their extradition procedures, which took place approximately three years after the defendant failed to appear in court. On this record, the Court cannot find that the People exercised due diligence in attempting to obtain the defendant's presence for trial.
In reaching this determination, the Court is mindful that a criminal defendant should not be rewarded for defying an obligation to appear in court. People v. Howard, 182 Misc 2d at 553-554. However, the Court is also mindful of the Court of Appeals' pronouncement that a [*7]defendant should not be "penalized because of any inadequacy of internal communication within the law enforcement establishment." People v. McLaurin, 38 NY2d 123 (1975). Moreover, as previously mentioned, at the time the defendant was in the custody of the Schenectady County Sherriff's Office, as well as DOCCS custody based on the subsequent arrest, he used the same name and NYSID number as his Bronx matters. Therefore, it cannot be said that he was attempting to avoid prosecution during this time. Here, a minimum of 445 days is chargeable to the People because the defendant was in the custody of the Schenectady County Sheriff's Office, a law enforcement agency, for that period of time.
CONCLUSION
The Court finds that the People are not within their statutorily allotted time to bring either docket to trial. Therefore, those branches of the defendant's motions which are to dismiss the accusatory instruments, with respect to docket 462 and docket 059, on speedy trial grounds, are GRANTED, and the remaining contentions have been rendered academic.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: February 21, 2025
Bronx, New York
JOSEPH SORRENTINO, J.C.C.

Footnotes

Footnote 1:The defendant relies on CPL § 30.30(4)(e); however, this subsection deals with individuals incarcerated "in another jurisdiction." This Court instead relies on CPL § 30.30(4)(c), which corresponds to the essence of the defendant's arguments.

Footnote 2:To support this contention, the People included a map of Schenectady for the Court's reference.

Footnote 3:The Court credits the defendant's statement that this was confirmed in a conversation defense counsel had with the Schenectady County's Sherriff's office. Defense Motion to Dismiss, pg 4, FN 1. See People v. Delmonte, 6 Misc 3d 1034(A) (Sup Ct, Bronx County, 2005) (where no records exist of communication between Westchester County and Bronx Warrant squad, a due diligence hearing must be held).