■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AARON DOUGLAS, Respondent. [617 NYS2d 765] —Order, Supreme Court, Bronx County (Joseph Cerbone, J.), entered February 17, 1993, which granted defendant's CPL 30.30 motion to dismiss indictment no. 7269/90 charging him with robbery, grand larceny, criminal possession of stolen property, unauthorized use of a vehicle and criminal mischief (all in the third degree), unanimously reversed, on the law, the indictment reinstated, and the matter remanded for further proceedings.

The Supreme Court granted defendant's motion to dismiss the indictment upon its computation that 292 days of delay were chargeable to the People, 108 days in excess of the 184 days allowed by CPL 30.30 (1) (a). The court included in the 292 days charged to the People, 189 days (February 27-September 3, 1992) during which time the defendant's omnibus motion for discovery and disclosure, inspection and release of the Grand Jury minutes, dismissal of the indictment for insufficient evidence, and suppression of identification or a *Wade* hearing, was pending before the court. The People filed their response to the motion, which had been filed February 26, 1992, on March 23, 1992, and had declared their readiness for trial at four court appearances prior to the submission of defendant's motion.

CPL 30.30 (4) (a) provides that in computing the time within which the People must be ready for trial, the court must exclude a reasonable period of delay during which pre-trial

motions are under consideration by the court. The Supreme Court rejected the People's argument, that the CPL 30.30 motion should be denied based upon the statutory exclusion, as a "technicality," and "therefore unpersuasive," because the "motions in this case were strictly pro forma, and never the basis for a single adjournment."

The court's delay in determining the defendant's omnibus motion until August 25, 1992 cannot be charged to the People on the ground that the court considered the motion "pro forma," for the law is clear that the People cannot be charged with the time a court takes to decide a defense motion *(People v Worley,* 66 NY2d 523, 527; *People v Moorhead,* 61 NY2d 851; *People v Varlack,* 181 AD2d 420, *lv denied* 80 NY2d 839; *People v Vidal,* 180 AD2d 447, *lv denied* 80 NY2d 839) unless the People, by their unjustified action or inaction, are directly responsible for all or a portion of the delay *(see, People v Harris,* 82 NY2d 409; *People v McKenna,* 76 NY2d 59), which was not the case here. A "pro forma" motion is still a motion within the meaning of the statute. Since the People could not begin the trial while the defendant's pre-trial omnibus motion was *sub judice,* despite their earlier announcement of readiness, that period of delay could not be charged to the People, "irrespective of their readiness or unreadiness in the meantime" *(People v Shannon,* 143 AD2d 572, 573, *lv denied* 73 NY2d 860).

We conclude that the People were erroneously charged with 189 days during which the defendant's motion was pending, and that the correct period of delay chargeable to the People is 103 days, well within the 184 days the People are allowed under CPL 30.30 (1) (a). Accordingly, the order granting the defendant's motion to dismiss the indictment is reversed, the indictment is reinstated, and the matter is remanded to the Supreme Court for further proceedings. Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.