*340 OPINION OF THE COURT
Robert M. Mandelbaum, J.
Because this court concludes that an initial adjournment for suppression hearings is generally excludable for purposes of statutory speedy trial, defendant’s motion to dismiss must be denied.[1]
When, as here, a defendant is accused of a misdemeanor punishable by a sentence of more than three months in jail, the People must be ready for trial within 90 days of the commencement of the criminal action (see CPL 30.30 [1] [b]), minus any excludable periods (see CPL 30.30 [4]; People v Cortes, 80 NY2d 201, 208 [1992]). The parties do not dispute that 61 chargeable days have elapsed in this case, stemming from a 48-day period in which the People had not yet converted the misdemeanor complaint to an information on which defendant could properly be prosecuted (see CPL 100.10 [1], [4]; 170.65 [1]), and a 13-day period running from the People’s declaration of nonreadiness for hearings and trial to their off-calendar filing and service of a certificate of trial readiness (see People v Kendzia, 64 NY2d 331, 337 [1985]). The disputed, and dispositive, period involves 63 days between December 15, 2006 and February 16, 2007 of which defendant maintains that 49 days must be charged to the People.
On October 18, 2006, the People filed with the court and served on defense counsel the supporting deposition needed to convert the misdemeanor complaint to an information. As a result, the court set a motion schedule — defense motions were to be filed by November 16, 2006 — and adjourned the case to December 15, 2006 for the People’s response to defendant’s motions and the court’s decision. By timely-filed omnibus motion papers (see CPL 255.20 [2]), defendant moved, among other things, for suppression of statements and identification testimony for which statutory notice had been previously served (see CPL 710.30 [1] [a], [b]). On December 15, the People filed and served their response, and the court ordered that evidentiary hearings be held on defendant’s motions to suppress (see People v Huntley, 15 NY2d 72 [1965]; United States v Wade, 388 US 218 [1967]; Dunaway v New York, 442 US 200 [1979]; see also People v Gethers, 86 NY2d 159 [1995]; United States v Crews, 445 US 463 [1980]). The case was then adjourned to February 16, 2007 for hearings and trial.
*341 Citing People v Green (90 AD2d 705 [1st Dept 1982]), defendant argues that all but 14 days of this latter adjournment must be charged against the People. In Green, the First Department rejected a contention that the People should have been expected to go forward with hearings on the date that such hearings were ordered, noting that “the People could hardly be expected to be prepared for a hearing even before they were aware that the court was ordering one” (90 AD2d at 705). Thus, Green stands for the general proposition that the People are entitled to a reasonable period of time to get ready for trial after the court has decided defense motions, since the People cannot be expected to predict what the outcome of the court’s decision will be (cf. People v Muhanimac, 181 AD2d 464, 465-466 [1st Dept 1992] [People entitled to a reasonable time to prepare for trial after a defendant is returned on a bench warrant]; People v Delvalle, 265 AD2d 174, 175 [1st Dept 1999] [People entitled to a reasonable time to prepare for trial after plea negotiations have failed]).
Inasmuch as no postdecision adjournment is at issue here, however, defendant’s reliance on Green is misplaced. After all, under the speedy-trial statute, delays occasioned by pretrial motions “must be excluded” from the period in which the People must be ready — as must “the period during which such matters are under consideration by the court” (CPL 30.30 [4] [a]). And since all time is generally chargeable to the People unless demonstrably excludable (see People v Berkowitz, 50 NY2d 333, 349 [1980]), it might, in the absence of Green, be thought that upon the conclusion of such pretrial motion practice, the speedy-trial clock must immediately start to run again. But Green makes clear that even after defense motions have been finally decided by the court — that is, after the period of delay that is statutorily excluded has terminated — the People are nevertheless entitled to an additional reasonable adjournment, since they could not have been expected to be ready without knowing the outcome of the motions.
Defendant would turn this decision on its head. Whereas the rule of Green affords the People an extra period of time beyond the plain statutory exclusion — that is, an additional reasonable adjournment after motion practice is brought to a conclusion by the court’s decision — defendant interprets Green as requiring that the People be charged with speedy-trial time even before the express statutory exclusion for motions has run.
In contending that all but 14 days of the adjournment at issue here must be charged to the People under Green, defendant *342 misapprehends the nature of a court’s action in ordering evidentiary hearings upon a motion to suppress. Defendant maintains that the court “decided” her suppression motions when it ordered that hearings be held, such that the resultant adjournment for hearings constituted a postdecision delay of which, according to defendant, Green permits the People only 14 days in which to get ready for trial. In determining that suppression hearings must be held, however, a court does not decide a defendant’s motions, but rather holds them in abeyance pending necessary fact-finding. In other words, the initial adjournment for hearings here constituted a period during which defendant’s pretrial motions were “under consideration by the court,” and was thus expressly excluded under the statute.
Simply put, there is no such thing as a motion for a hearing. Rather, the Criminal Procedure Law permits a defendant to move for suppression of certain categories of evidence (see CPL 710.20 [l]-[7]).[2] Faced with such a motion, a court must summarily grant the motion if the motion papers sufficiently allege a legal ground warranting suppression and the People concede the truth of all factual allegations necessary to support the motion (see CPL 710.60 [2] [a]),[3] or may summarily deny it if either the motion papers do not allege a legal basis for the motion or the sworn allegations of fact do not as a matter of law support the ground alleged (see CPL 710.60 [3] [a], [b]). If, however, the court is unable to decide the motion summarily because neither of these standards is met, it must conduct a hearing and make findings of fact “essential to the determination” of the motion (CPL 710.60 [4]). Thus, in ordering that a hearing be held, the court has not decided any motion; rather, it has expressly *343 determined that it cannot decide the suppression motion (summarily), since it needs to resolve issues of fact in order to do so.
Accordingly, the rule of Green has no applicability to the instant case, where defendant’s suppression motions had not yet been decided at the time the case was adjourned for hearings necessary to resolve those motions. Instead, Green properly applies when, for example, a defendant does not seek suppression, or any other remedy necessitating fact-finding, in his or her omnibus motion papers; or when the court determines not to hold a hearing on a suppression motion that is brought; or after the court decides the defendant’s suppression motion following a hearing (see People v Campbell, 255 AD2d 229 [1st Dept 1998]). In those circumstances, the People are, under Green, entitled to a reasonable adjournment to get ready after all pretrial motions have been fully decided and thus are no longer under consideration by the court (see also People v Douglas, 156 AD2d 173 [1st Dept 1989] [People entitled to a reasonable period of excludable delay after denial of speedy-trial motion]). But where, as here, the resolution of a suppression motion has been held in abeyance pending judicial fact-finding at a hearing, it is the express statutory exclusion for pretrial motions and their consideration by the court that governs.[4]
Of course, this is not to say that an adjournment of any length for the court to consider and resolve a defendant’s suppression motion is excludable. The statute speaks of a “reasonable” period of delay arising from pretrial motions, including the time when they “are under consideration by the court.” Nevertheless, where, as here, the court sets an initial adjournment for hearings that is of standard length — as measured by the calendar and caseload of the particular court in which the motion is heard (cf. CPLR 2219 [a] [order determining a motion shall be made within 60 days after the motion is submitted for decision]; 22 NYCRR 4.1 [judges to report matters that have been pending undecided for a period of 60 days]) — that adjournment is excludable for purposes of statutory speedy trial (see also People v Torres, 60 NY2d 119, 127-128 [1983] [“The period to be excluded is not, however, a normal time reasonably to be assigned to the disposition of a similar motion. It is the period of delay, if any, which in the individual case may be actually *344 ascribed to consideration and determination of the particular motion”]; People v Douglas, 209 AD2d 161, 162 [1st Dept 1994] [“the law is clear that the People cannot be charged with the time a court takes to decide a defense motion unless the People, by their unjustified action or inaction, are directly responsible for all or a portion of the delay” (citations omitted)]). Nor could it be otherwise when a suppression motion pends undecided, since the People cannot reasonably be expected to be ready for trial without knowing what evidence will be available to them.[5]
Further, when, at the initial adjournment, the People are not ready for hearings (and trial [see People v Chavis, 91 NY2d 500, 505-506 (1998) (a statement of readiness for hearings is not a substitute for a statement of trial readiness)]), the clock starts to run again. For at that point the People, by their nonreadiness, will have prevented the court from rendering its decision on the defendant’s motion to suppress, thereby impeding the case from proceeding to trial (see CPL 710.40 [3] [when a suppression motion is made before trial, the trial may not be commenced until determination of the motion]; see also People v McKenna, 76 NY2d 59, 64 [1990] [“because the trial could simply not go forward until the (defendant’s motion to inspect and dismiss the indictment) was decided, the People’s dilatory conduct in failing to provide the minutes necessary to that decision was a direct, and virtually insurmountable, impediment to the trial’s very commencement”]; People v Reid, 245 AD2d 44, 44 [1st Dept 1997] [hearing court properly charged prosecution with four periods of delay occurring while defendant’s speedy trial motion was pending; “(w)hile time periods during which such motions are ‘under consideration by the court’ are normally excludable in that these time periods directly result from action taken by the defendant, . . . the People’s abject dilatoriness in responding to the motion, preparing for the hearing thereon, and producing defendant as needed for the hearing, which delayed resolution of the motion for many months, justified charging the People for certain post-motion delays” *345 (citations omitted)]; People v Delosanto, 307 AD2d 298 [2d Dept 2003] [People charged with additional adjournment necessitated by People’s failure to timely file response to defense motions]; People v Gonzalez, 266 AD2d 562, 563 [2d Dept 1999] [People charged with period in excess of appropriate deadline to respond that had been previously set by the court]; People v Daley, 265 AD2d 566, 567 [2d Dept 1999] [People charged with period of delay resulting from their unexcused and prolonged failure to prepare a protective order and provide the defense with a redacted copy of the search warrant and the confidential informant’s supporting affidavit; People’s failure “precluded the defendant from moving to controvert the warrant and thus effectively prevented th(e) action from going forward”]).
In any event, even when a so-called Green adjournment does properly apply, the First Department has never held that only 14 days may be excluded. Rather, that Court has repeatedly excluded adjournments of much greater length (see e.g. People v Forbes, 7 AD3d 473 [1st Dept 2004] [21 days]; People v Diaz, 275 AD2d 652, 653 [1st Dept 2000] [28 days]; People v Chambers, 226 AD2d 284 [1st Dept 1996] [29 days]; People v Heine, 238 AD2d 212 [1st Dept 1997] [32 days]; People v Moolenaar, 262 AD2d 60 [1st Dept 1999] [32 days]; People v Silas, 233 AD2d 103 [1st Dept 1996] [34 days]; People v Wells, 16 AD3d 174 [1st Dept 2005] [35 days]; People v Reed, 19 AD3d 312, 314-315 [1st Dept 2005] [35 days]; see also People v Perez-Cortes, NYLJ, Mar. 3, 1999, at 26, col 2 [App Term, 1st Dept] [42 days]; cf. People v Park, NYLJ, July 7, 1997, at 25, col 6 [App Term, 1st Dept] [36-day adjournment to set trial date after denial of suppression motions excludable]).
Accordingly, since only 61 chargeable days have elapsed, defendant’s motion to dismiss must be denied.

. The court previously rendered an oral decision denying defendant’s motion. This opinion serves to explain the basis for the court’s prior ruling.

. Indeed, CPL 255.10 (1) expressly limits the definition of a “[p]retrial motion” to
“any motion by a defendant which seeks an order of the court:
“(a) dismissing or reducing an indictment ... or removing an action to the family court. . . ; or
“(b) dismissing an information, prosecutor’s information, simplified information or misdemeanor complaint. . . ; or “(c) granting discovery . . . ; or “(d) granting a bill of particulars . . . ; or “(e) removing the action . . . ; or
“(f) suppressing the use at trial of any evidence pursuant to article 710; or
“(g) granting separate trials.”

. The motion must also be summarily granted if the People stipulate that the evidence sought to be suppressed will not be offered in evidence against the defendant (see CPL 710.60 [2] [b]).

. Similarly, if at the conclusion of a hearing, the court requests that the parties submit legal memoranda on the issues raised and adjourns the case for reserved decision, that time, too, is excludable as constituting a period in which the pretrial suppression motions are under consideration by the court.

. That the matter has been adjourned for hearings and trial together, rather than for hearings alone, does not change the analysis. An initial adjournment for hearings necessary to decide pretrial motions is excludable as a period in which such motions are under consideration by the court, irrespective of whether it is contemplated that conclusion of the hearings will be immediately followed by the trial. Of course, if hearings are not to be immediately followed by trial, and the case is instead adjourned, the People are, under Green, entitled to a reasonable period of time to get ready for trial, now that the motions have been finally decided after evidentiary hearings.