*169 OPINION OF THE COURT
Felicia A. Mennin, J.
Defendant Mario Asmal-Aucapina moves to dismiss the charges pending against him of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3) and (2), and driving while impaired, in violation of Vehicle and Traffic Law § 1192 (1), on the ground that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30 (1) (b). Where, as here, a defendant is charged with at least one misdemeanor that is punishable by a sentence of greater than three months, the People must be ready for trial within 90 days of the commencement of the criminal action, subject to any periods that are excluded (CPL 30.30 [1] [b]; [4]).
The sole period at issue here is the 49 days following the date when the court first adjourned the case for hearings to resolve the factual issues raised in the defendant’s suppression motions and for trial. This court holds that such period is excluded in its entirety, pursuant to CPL 30.30 (4) (a) as “a reasonable period of delay resulting from . . . pre-trial motions . . . and the period during which such matters are under consideration by the court” (emphasis added). As detailed below, in reaching this conclusion, this court adopts the reasoning of People v Taylor (16 Misc 3d 339 [Crim Ct, NY County 2007]) and its progeny.
On March 8, 2007, the defendant filed an omnibus motion seeking, among other things, suppression of his statements and certain other evidence in the case, or, in the alternative, for hearings to assist the court in determining those issues. On March 28, 2007, the court granted Huntley ¡Dunaway!'Johnson hearings in furtherance of resolving those motions and adjourned the case for hearings and trial until May 16, 2007.
Both parties agree that, absent this 49-day period, there are 77 days chargeable to the People. The People contend that the entire 49-day period at issue is excludable, citing People v Green (90 AD2d 705 [1st Dept 1982]) and People v Taylor (16 Misc 3d 339 [2007]). The defendant contends, without citing any authority, that 35 days of the 49-day period are chargeable to the People, stating that the People should be afforded two weeks to prepare for hearings and trial.
There is no appellate authority which explicitly addresses whether, for CPL 30.30 purposes, the period between the court’s granting of pretrial hearings on suppression motions and the ultimate disposition of those motions is excludable, either *170 partially or in its entirety. The result has been the disparate treatment of such adjournments, apparently attributable to conflicting interpretations of People v Green (90 AD2d 705 [1982], supra; see e.g. People v Taylor, 16 Misc 3d 339 [2007]; People v Jones, 19 Misc 3d 1126[A], 2008 NY Slip Op 50884[U] [Crim Ct, NY County 2008]; cf. People v Simons, 14 Misc 3d 1239[A], 2007 NY Slip Op 50425[U] [Crim Ct, NY County 2007]; People v Diagne, NYLJ, May 9, 2008, at 26, col 1 [Crim Ct, NY County]).
Green is often cited in support of the proposition that once the court has granted a defense request for pretrial hearings, the People must be ready for trial within a “reasonable” time, irrespective of whether or not a pretrial hearing has taken place (see e.g. People v Simons, 14 Misc 3d 1239[A], 2007 NY Slip Op 50425[U] [Crim Ct, NY County 2007]; People v Jaswinder, 165 Misc 2d 371 [Crim Ct, NY County 1995]). Moreover, because the particular adjournment for pretrial hearings in Green consisted of 15 days, defense attorneys often quantify the term “reasonable time” to mean that the People are required to be ready for trial within a two-week period, following the granting of a hearing on a suppression motion. In this case, although defense counsel has not cited any authority in support of her contention that the People should be charged with all but 14 days of the March 28, 2007 to May 16, 2007 adjournment period, her argument is presumably predicated upon this latter interpretation of Green, an interpretation with which this court respectfully disagrees.[1]
Adopting the reasoning set forth in People v Taylor (16 Misc 3d 339 [2007], supra), this court concludes that the entire 49-day adjournment for hearings on defendant’s suppression motions is excluded. In this case, as in Taylor, the defendant moved for suppression of certain evidence and sought, in the alternative, that the court grant hearings on the suppression issues to assist it in the determination of those motions.
*171 As recognized by the court in Taylor, the granting of a hearing on a suppression motion is separate and distinct from the ultimate resolution of that motion. “In determining that suppression hearings must be held, however, a court does not decide a defendant’s motions, but rather holds them in abeyance pending necessary fact-finding” (Taylor, 16 Misc 3d at 342). In Taylor, the court noted that there is no such thing as a motion for a suppression hearing, stating,
“Mather, the Criminal Procedure Law permits a defendant to move for suppression of certain categories of evidence. Faced with such a motion, a court must summarily grant the motion if the motion papers sufficiently allege a legal ground warranting suppression and the People concede the truth of all factual allegations necessary to support the motion, or may summarily deny it if either the motion papers do not allege a legal basis for the motion, or the sworn allegations of fact do not as a matter of law support the ground alleged. If however, the court is unable to decide the motion summarily because neither of these standards is met, it must conduct a hearing and make findings of fact ‘essential to the determination’ of the motion. Thus, in ordering that a hearing be held, the court has not decided any motion; rather, it has expressly determined that it cannot decide the suppression motion (summarily), since it needs to resolve issues of fact in order to do so” (id. at 342-343 [citations omitted]).[2]
Moreover, the court noted “[t]hat the matter has been adjourned for hearings and trial together, rather than for hearings alone, does not change the analysis” (id. at 344 n 5).
This reasoning was continued in a subsequent decision, People v Williams (19 Misc 3d 675 [Crim Ct, NY County 2008]). At issue in Williams was whether the People’s consent to a suppression hearing renders chargeable an otherwise excludable adjournment. In holding that it does not, the court noted that
“judicial consideration of a defendant’s motion to suppress can in no wise be attributed to the People, *172 unless some action or inaction by the People directly impedes the court’s ability to decide the pending motion (see People v Douglas, 209 AD2d 161, 162 [1st Dept 1994] [‘the law is clear that the People cannot be charged with the time a court takes to decide a defense motion unless the People, by their unjustified action or inaction, are directly responsible for all or a portion of the delay’ (citations omitted)])” (id. at 679-680).
This rationale was also followed in People v Jones (19 Misc 3d 1126[A], 2008 NY Slip Op 50884[U] [2008], supra). In Jones, the court relied upon People v McKenna (76 NY2d 59 [1990]), People v Harris (82 NY2d 409 [1993]) and People v Douglas (209 AD2d 161 [1st Dept 1994]), noting that case law supports the principle that the People cannot be charged with the time a court takes to decide a defense motion unless the People, by their unjustified action or inaction, are directly responsible for all or a portion of the delay.
Thus, when considering whether or not a particular adjournment is reasonable under CPL 30.30 (4) (a), the question is not simply how many days have transpired before the People are ready for trial; rather, the question is whether or not the People’s actions have unreasonably delayed their own readiness for trial. “CPL 30.30 is not a speedy trial statute in the constitutional sense. Rather, it was enacted to enforce prosecutorial readiness and is intended only to address delays occasioned by prosecutorial inaction” (People v Jones, 19 Misc 3d 1126[A], 2008 NY Slip Op 50884[U], *2 [2008], supra [citations omitted and emphasis added]). In essence, the test under CPL 30.30 (4) (a) is the reasonableness of the People’s actions, rather than the length of the adjournment.[3] When a motion court orders hearings to resolve pretrial suppression issues and adjourns the matter to a date that is convenient to the court after factoring in its own calendar congestion, such adjournment is not a delay occasioned by the People, and such time is not chargeable to them under CPL 30.30 (4) (a).
Pursuant to the court’s foregoing analysis, the People are charged with a total of 77 days. Since the People have 90 days *173 from the commencement of the criminal proceeding, absent excludable time, within which to be ready for trial, the defendant’s motion to dismiss the accusatory instrument is denied.

. The actual facts in Green support the People’s position. In Green, the defendant moved to suppress statements and identification testimony and the court granted Huntley and Wade hearings. Thereafter, the People requested a 10-day adjournment to prepare for the hearings and the court put the case over for an additional five days for the convenience of the court. It is not clear from the decision if the matter was put over for hearings and trial or merely for hearings, but for purposes of GPL 30.30, in this context, it makes no difference, since the period during which the motions are under consideration is excludable.

. The court in Taylor also noted that “the People are entitled to a reasonable period of time to prepare for trial after the court has decided defense motions, since the People cannot be expected to predict what the outcome of the court’s decision will be” (id. at 341; see People v Green, 90 AD2d 705 [1982], supra; cf. People v Muhanimac, 181 AD2d 464 [1st Dept 1992]).

. Had the Legislature intended to restrict reasonable adjournments for purposes of CPL 30.30 (4) (a) to a particular duration, the Criminal Procedure Law would set forth a specific time period. In any event, the First Department has repeatedly excluded adjournments of periods of longer than 14 days (see e.g. cases cited in Taylor, 16 Misc 3d 339, 345).