OPINION OF THE COURT
Elisa S. Koenderman, J.
*413 The defendant, Jonathan Lucero, moves to dismiss the charges against him on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (c), alleging that more than 60 days have elapsed since his arraignment. The People counter that only 52 days are chargeable to them, contending that a 12-day adjournment occasioned by a death in the arresting officer’s immediate family is excludable under CPL 30.30 (4) (g) as delay occasioned by exceptional circumstances. Because this court agrees that only 52 days are chargeable to the People, the defendant’s motion to dismiss is denied.
Procedural History
The defendant was arraigned on August 28, 2007 on a criminal court complaint charging him with one count of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]). The People filed and served a positive marihuana field test at arraignment and the court deemed the complaint an information. A motion schedule was set and the matter was adjourned until November 5, 2007 for the People’s response and the court’s decision, with defense motions being due off-calendar on October 5, 2007.
On November 5, 2007, defense motions having been timely filed and served, the People filed their response and voluntary disclosure form. After reviewing the parties’ submissions, the court granted a Mapp/HuntleylDunaway hearing on defendant’s motion to suppress evidence and adjourned the matter until December 12, 2007 for hearings and trial. On November 14, 2007, the People filed and served off-calendar the first of three certificates of readiness to be filed in this case.
On December 12, 2007, the People answered not ready for hearings and trial and the case was adjourned until January 30, 2008. Five days later on December 17, 2007, the People filed and served, off-calendar, a second certificate of readiness accompanied by a laboratory report. The People concede that these five days are chargeable to them.
On January 30, 2008, the People answered ready for hearings and trial but there were no trial parts available. Consequently, the case was adjourned until February 13, 2008. On February 13, 2008, the People again answered ready but defense counsel was engaged on trial in another case. Additionally, the court learned that the defendant had another case pending against him in a different part on February 21, 2008. The instant mat *414 ter was therefore adjourned to join that case on February 21, 2008.
On February 21, 2008, the People were not ready for hearings and trial and the case was again adjourned to April 3, 2008. On March 4, 2008, 12 days later, the People filed and served a third certificate of readiness off-calendar. The People concede that these 12 days are chargeable to them.
On April 3, 2008, the defendant was not present in court, having been in the custody of New York City Department of Correction on a new arrest since March 19, 2008, and the People answered not ready. The court adjourned the matter until May 8, 2008 for hearings and trial, directing the People to produce the defendant on that date if he was still incarcerated. The People concede that this 35-day adjournment is chargeable to them.
On May 8, 2008, the People answered not ready because the arresting officer had suffered a death in his family and they requested May 20, 2008 for hearings and trial. On May 20, 2008, the People answered ready for hearings and trial and defendant served and filed the instant motion in court.
Statutory Speedy Trial
CPL 30.30 is not a speedy trial statute in the constitutional sense. Rather, it was enacted to enforce prosecutorial readiness and is intended only to address delays occasioned by prosecutorial inaction (see People v McKenna, 76 NY2d 59, 63 [1990]; People v Sinistaj, 67 NY2d 236, 239 [1986]; People v Anderson, 66 NY2d 529, 535 [1985]). As such, a defendant’s right to a speedy trial under the statute is separate and distinct from his right to a speedy trial on constitutional grounds (see Sinistaj, 67 NY2d at 239; People v Brothers, 50 NY2d 413, 416 [1980]; People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498 [1973]).
Pursuant to CPL 30.30 (1) (c) the People must be ready for trial within 60 days of commencement of a criminal action charging a defendant with a class B misdemeanor. To be “ready for trial” under CPL 30.30 the People must in fact be ready to proceed and must communicate their readiness on the record (People v Kendzia, 64 NY2d 331, 337 [1985]). Once the People have announced their readiness to proceed to trial, they have satisfied their obligation under the statute (see People v Giordano, 56 NY2d 524 [1982]) and are chargeable only with delay they have caused which “directly implicates [their] ability to *415 proceed with trial” (see People v Cortes, 80 NY2d 201, 210 [1992]).
Under CPL 30.30 (4) (a), “a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . pre-trial motions . . . and the period during which such matters are under consideration by the court” is specifically excluded from “the time within which the people must be ready for trial.” Indeed, while a defendant’s pretrial motion is sub judice, that period of delay is excludable regardless of the People’s readiness or unreadiness at the time (see People v Douglas, 209 AD2d 161, 162 [1st Dept 1994]). Inasmuch as the legislature intended CPL 30.30 to address delays caused by the People, the time required for defendant’s pretrial motions is rightfully excluded as a delay which has been “caused by the defendant for his own benefit” (see People v Worley, 66 NY2d 523, 527 [1985]).
The adjournment from August 28, 2007 to November 5, 2007 is clearly excludable as a period of delay resulting from pretrial motions under CPL 30.30 (4) (a). Additionally, the adjournment from November 5, 2007 to December 12, 2007 is also excludable as a reasonable period of delay resulting from pretrial motions. The defendant’s motions were at that point still under consideration by the court pending the outcome of the suppression hearings which the court ordered as necessary to decide the motions, and trial could not begin until the motions were decided (see People v Taylor, 16 Misc 3d 339, 342 [Crim Ct, NY County 2007]; see also People v Jones, 19 Misc 3d 1126[A], 2008 NY Slip Op 50884[U] [2008]; People v Asmal-Aucapina, 21 Misc 3d 168 [Crim Ct, NY County 2008]). Moreover, the People were entitled to time to prepare for the suppression hearings since they could not have been expected to be ready to proceed with the hearings on the same day that they were ordered (see People v Green, 90 AD2d 705 [1st Dept 1982]). Because at this juncture the People can in no way be said to have acted unreasonably in requiring an adjournment to prepare for hearings and trial, they are not responsible for the delay in proceeding (see Taylor, 16 Misc 3d at 344; Jones, 2008 NY Slip Op 50884[U], *8-9; Asmal-Aucapina, 21 Misc 3d at 172). Indeed, the length of the adjournment was controlled by considerations of the court’s calendar and caseload (see Taylor, 16 Misc 3d at 343; Jones, 2008 NY Slip Op 50884[U], *6). Accordingly the People are not chargeable with this period of delay.
*416 On December 12, 2007, the People answered not ready and the matter was adjourned to January 30, 2008 for hearings and trial. Five days later on December 17, the People filed and served a certificate of readiness. A certificate of readiness, served upon the defendant and filed with the court off-calendar satisfies the People’s duty to be ready for trial and tolls the speedy trial clock (see People v Stirrup, 91 NY2d 434, 440 [1998]; People v Smith, 82 NY2d 676, 678 [1993]). Accordingly, five days are chargeable to the People.
On January 30, 2008 the People were ready for trial. There were no trial parts available and the matter was adjourned to February 13, 2008 for hearings and trial. On February 13, 2008 the People were again ready for trial. Defense counsel was on trial on an unrelated matter and the case was adjourned to February 21, 2008 for hearings and trial. These adjournments are excludable (People v Kendzia, 64 NY2d 331 [1985]). On February 21, 2008 the People were not ready for trial and the matter was adjourned to April 3, 2008 for hearings and trial. On March 4, 2008, 12 days later, the People served and filed a certificate of readiness off-calendar. Twelve days are therefore chargeable to the People.
On April 3, 2008 the People answered not ready for trial and the case was adjourned until May 8, 2008. The People neither requested a specific adjourn date to be ready, nor filed and served a subsequent certificate of readiness. Accordingly, this entire 35-day adjournment is chargeable to them (see Stirrup, 91 NY2d at 439-440). Moreover, on April 3, 2008, the People failed to produce the defendant, who was in city correction’s custody following a new arrest on March 19, 2008, in court as required. Knowledge of the defendant’s whereabouts as of the date of his arrest and incarceration by law enforcement is properly imputed to the prosecution (see People v McLaurin, 38 NY2d 123 [1975]; People v Ramos, 230 AD2d 630 [1st Dept 1996]; People v Mapp, 308 AD2d 463 [2d Dept 2003]; People v Delacruz, 184 Misc 2d 653 [Sup Ct, NY County 2000]). Given that the defendant’s whereabouts were constructively known to them, the People were obligated to use due diligence to bring the defendant before the court and are chargeable with the delay from their failure to do so (see People v Anderson, 66 NY2d 529 [1985]; People v Daniels, 217 AD2d 448 [1st Dept 1995]).
On May 8, 2008, the People answered not ready, asserting that the arresting officer was unavailable due to a death in *417 his family. The People indicated that they would be ready on May 20, 2008 and the court adjourned the case to that date at their request. In their answering affirmation to the instant motion, the People explain that they were not ready on May 8, 2008 because the arresting officer’s sister had died on April 29, 2008, under circumstances indicating the likelihood of suicide. Additionally, the officer had assumed temporary responsibility for the care of his sister’s 11-year-old son. Further, the People state that they expected to be ready in a couple of weeks when the arresting officer was scheduled to return to work. In fact, on May 20, 2008, the arresting officer appeared when notified by them and the People answered ready to proceed.
Under CPL 30.30 (4) (g) (i),
“periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney . . . because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period” must be excluded from the time within which the People must be ready for trial.
Thus a “period of 155 days during which the purchasing undercover officer was unavailable due to a family crisis and its tragic conclusion” (People v Lopez, 2 AD3d 234 [1st Dept 2003]) was held excludable under CPL 30.30 (4) (g) as a delay occasioned by exceptional circumstances. Additionally, a six-week period of delay occasioned by the sudden death of a police witness’ 18-year-old daughter in a car accident was deemed excludable due to exceptional circumstances (see People v Valentin, 184 Misc 2d 942, 943-944 [Sup Ct, Bronx County 2000]). Similarly, periods of delay during which the complainant was unavailable due to a parent’s illness have been excluded as occasioned by exceptional circumstances (see People v Harden, 6 AD3d 181 [1st Dept 2004]; People v Rodriguez, 212 AD2d 368 [1st Dept 1995]), as has the period of delay following a police witness’ wife giving premature birth to twins (see People v Lee, 15 Misc 3d 1137[A], 2007 NY Slip Op 51023[U] [Crim Ct, NY County 2007]). Hence, as the People correctly contend, the 12-day period during which the arresting officer was unavailable due to the untimely death *418 of his sister and his temporary responsibility for the care of her young son is properly excludable under CPL 30.30 (4) (g) as a delay occasioned by exceptional circumstances.
The total number of days chargeable to the People is therefore 52 days. Accordingly, the defendant’s motion is denied.