People v Howard (2024 NY Slip Op 50974(U))

[*1]

People v Howard

2024 NY Slip Op 50974(U)

Decided on July 18, 2024

District Court Of Suffolk County, First District

Sachs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2024
District Court of Suffolk County, First District

People of the State of New York

against
John Howard, Defendant

Docket No. CR-006886-23SU

Raymond A. Tierney, Esq.
District Attorney of Suffolk County
Rachel Kerremans / Of Counsel
District Court Bureau
400 Carleton Avenue
Central Islip, NY 11722
(631) 853-7965
Avery Brogan, Esq.
Attorney for Defendant
Legal Aid Society of Suffolk County
400 Carleton Avenue
Central Islip, NY 11722
(631) 853-7770

Eric Sachs, J.

Upon the following papers read on this motion for omnibus relief :
Notice of Motion/xxxxxxxxxxxxxxx and supporting papers X;
Notice of Cross Motion and supporting papers;
Answering Affidavits and supporting papers X;
Replying Affidavits and supporting papers X; Filed papers; Other
Exhibits X; Certificate(s) of Compliance X; Transcripts X;
(and after hearing counsel in support of and opposed to the motion) it is,
ORDERED that this omnibus motion by the defendant is decided as follows: The [*2]defendant's motion to strike the People's CoC and/or SoR pursuant to CPL § 30.30(5) is GRANTED. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 and § 170.30(1)(e) on the grounds that his statutory speedy trial rights were violated is DENIED. The defendant's motion for a Sandoval hearing is GRANTED. The defendant's motion for a Ventimiglia hearing is GRANTED. The defendant's motion to file additional motions is GRANTED, to the extent indicated herein. 
On February 24, 2023, the defendant was arrested and charged with one count of Petit Larceny in violation of New York State Penal Law § 155.25, a class "A" misdemeanor. He was arraigned on March 16, 2023.
By motion dated February 23, 2024, the defendant now moves to dismiss the accusatory instrument pursuant to Criminal Procedure Law ["CPL"] §§ 30.30 and 170.30(1)(e) on the grounds that his statutory speedy trial rights were violated. The defendant further moves to strike the People's Certificate of Compliance ["CoC"] and/or Statement of Readiness ["SoR"] pursuant to CPL § 30.30(5).
This Court addresses the parties' arguments, below.
A. Motion to Strike the CoC/SoR
CPL article 245 requires the People to serve and file a CoC with the court prior to stating readiness under CPL § 30.30 [see CPL § 245.50[3]]. In order for the People to be ready for trial, the People must: "(1) file a certificate of good faith discovery compliance; (2) file a valid statement of readiness; and (3) certify the facial sufficiency of the accusatory instrument." (People v Ramirez-Correa, Docket CR-018674-20QN [Crim Ct, Queens Cnty 2021]).
In this case, the People contend that they served and filed their initial CoC/SoR on March 16, 2023, at arraignment. (See People's Aff. at ¶ 3). In addition, the People served and filed Supplemental CoC/SoRs on June 1, 2023 and February 13, 2024. (See People's Aff. at ¶ 5). 
The defendant has moved to strike the People's Supplemental CoC/SoRs on the grounds that (1) the People failed to serve on the defendant and/or file their initial CoC/SoR with the Court at any time (see Def.'s Aff. at ¶¶ 8, 11, Point I, ¶¶ 28-44) and (2) the People failed to disclose the body-worn camera of Officer Stacey Byrnes prior to certifying. (See Def.'s Aff. at ¶ 41, Point II, ¶¶ 45-70).
1. Timeliness of the Defendant's Motion
The People first contend that the defendant's motion to strike their CoC/SoR is untimely. (See People's Mem. of Law at p. 13). The People argue that the defendant was on notice of the "missing" CoC/SoR at arraignment on March 16, 2023, when the People announced readiness. (Id.) Moreover, the defendant said nothing for the next year of court appearances, despite the People stating readiness at each appearance. (Id. at pp. 13-14). 
Pursuant to CPL § 245.50(4)( c), "[c]hallenges related to the sufficiency of a certificate of compliance or supplemental certificates of compliance shall be addressed by motion as soon as practicable." (emphasis added).
In this case, the instant motion was filed on February 23, 2024, which is three-hundred and forty-four (344) days after the People announced readiness at arraignment on March 16, [*3]2023, and two-hundred and sixty-seven (267) days after the People filed a Supplemental CoC/SoR on June 1, 2023. This Court is aware of neither legislative direction nor judicial consensus regarding the parameters of CPL § 245.50(4)(c)'s directive that motions be filed "as soon as practicable." This Court agrees that the defendant was on notice of the "missing" CoC/SoR at the time the People filed their Supplemental CoC/SoR on June 1, 2023. The instant motion was filed two-hundred and sixty-seven (267) days later. In addition, the defendant was on notice of the late-disclosed body-worn camera video as of February 13, 2024. The instant motion was filed on February 23, 2024, ten (10) days thereafter.
Consequently, this Court concludes that the instant motion is timely as to the defendant's challenge to the CoC/SoR as it pertains to the People's late production of body-worn camera footage. In light of this Court rejection (on the merits) of the defendant's challenge to the People's CoC/SoR based on failure to file and/or serve their initial CoC/SoR (see infra at Section 2(a)), this Court need not make a determination whether the motion is timely with respect to that ground.
2. Merits of the Defendant's Motion
a. Failure to File CoC/SoR with the Court
As noted above, the defendant has moved to strike the People's CoC/SoRs on the ground that the People failed to serve on the defendant and/or file their initial CoC/SoR with the Court at any time. (See Def.'s Aff. at ¶¶ 8, 11, Point I, ¶¶ 28-44).
Based on this Court's independent review of the record and the Court file, this Court concludes that the People served and filed their initial CoC/SoR on the defendant and the Court at arraignment on March 16, 2023. 
With respect to service upon the defendant, the transcript of the court appearance on March 16, 2023 reveals that the People served the defendant's counsel with "a discovery packet"[FN1]
at arraignment.[FN2]
(See People's Aff. In Opp. at Exhibit A, 3/16/2024 Tr. at p. 2, ll. 8-11). The People's discovery packet allegedly included their initial CoC/SoR. (See People's Aff. at ¶¶ 3-4; People's Mem. of Law at Point I, pp. 8-9). Absent any allegation from the defendant that the discovery packet did not contain the CoC/SoR, this Court credits the People's position that the CoC/SoR was served at arraignment, with the People's discovery packet.
With respect to filing with the Court, this Court's review of the Court file [FN3]
 reveals that the People's Discovery Disclosures and CoC/SoR,[FN4]
dated March 15, 2023, were, in fact, filed with the Court. (Court File). The Court file contains several documents stapled together dated March 15, 2023, the first of which is the People's Discovery Disclosures, the second of which is the People's CoC/SoR, and the last of which is the People's CPL 710.30 notice. (Court File).
This Court rejects the defendant's argument that, because the initial CoC/SoR did not appear in the Court's electronic filing system, Universal Case Management System ("UCMS"), it therefore was never filed. (See Def.'s Aff. at ¶ 11). However, this Court notes that the CoC/SoR in the Court's File contains no indication of when the document was filed with the Court; therefore, the People are strongly cautioned to have their CoC/SoR time-stamped when filing, or note its filing more clearly on the record. 
Similarly, this Court finds the People's argument that "it can be logically inferred that upon announcing [the] People's readiness, [the ADA] did serve [the CoC/SoR on] both Defense Counsel and the Court" to be unpersuasive. (See People's Mem. of Law at Point I, p. 9). For future reference, the People are cautioned to state clearly — on the record — which documents are being filed and served, and upon whom, or risk a determination that service and/or filing did not occur, along with possible dismissal.
Thus, the defendant's motion to strike the People's CoC/SoR on the ground that the People failed to serve and file their CoC/SoR is DENIED.
2. Failure to Disclose Body-Worn Camera
Next, the defendant moves to strike the People's Supplemental CoC/SoR on the grounds that the People failed to disclose the body-worn camera of Officer Stacey Byrnes prior to certifying. (See Def.'s Aff. at ¶ 41).
It is undisputed that CPL § 245.20(1)(g) requires the People to disclose "[a]ll tapes or other recordings...made or received in connection with the alleged criminal incident...." CPL § 245.20(1)(g).
CPL § 240.20(2) requires the People to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL § 240.20(1)]" prior to filing their CoC/SoR. (See CPL § 240.20(2)). The Court of Appeals recently noted that the statute does not define "due diligence," but "reasonableness...is the touchstone." See People v Bay, 41 NY3d 200 [2023].
Here, the defendant contends that the People failed to disclose Officer Byrnes' body-worn camera prior to certifying. (See Def.'s Aff. at ¶ 41). The People disclosed the body-worn camera footage in Supplemental Disclosures on February 13, 2024. (Court File). In their opposition, the [*4]People have represented that they exercised due diligence and good faith to determine its existence, and turned it over as soon as they received it. (See People's Mem of Law at p. 10).
This Court notes that in their opposition papers, the People detail their good faith, diligent efforts to obtain the body worn camera footage, but only after they had been made aware of its existence on February 1, 2024. (See People's Mem of Law at pp. 10-11). Notably absent from the People's papers, however, is sufficient explanation of their good faith, diligent efforts to obtain such evidence prior to February 2024. This Court gathers from the People's papers that the People generated and issued video preservation letters to the police department in February 2023. (See People's Mem. of Law at pp. 10-11). The People then accessed and disclosed footage received from the police department on the People's PCMS system. (Id. at p. 11). No additional steps were taken by the People to determine whether any officer had body worn camera video. (Id.) The People only learned of its existence when they met with Officer Byrnes on February 1, 2024 to prepare her testimony for a hearing. (Id.) Apparently, February 1, 2024 was the first time the People had any substantive conversation with Officer Byrnes.
It is the opinion of this Court that the steps taken by the People were insufficient to meet the statutory standard of good faith and due diligence. The People did not speak with a single person, but merely relied upon an automated system to obtain relevant evidence. In addition, apart from sending the initial preservation letter, the record is devoid of any steps the People took to follow-up on their request. This Court concludes that the act of merely checking an on-line portal to see whether body cam footage was uploaded is not sufficient to constitute "due diligence."
Accordingly, the defendant's motion to strike the People's March 15, 2023 and June 1, 2023 CoC/SoRs based on failure to provide the body-worn camera is GRANTED.
B. Motion to Dismiss Based on an Alleged Speedy Trial Violation
The defendant next moves to dismiss on the grounds that the People have violated his statutory speedy trial rights. (See Def.'s Aff. at Point I, ¶¶ 28-44). 
CPL § 30.30(1)(b) provides, in pertinent part, that a motion to dismiss an accusatory instrument must be granted where the People are not ready for trial within: "ninety days from the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." In general, the filing of the accusatory instrument marks the 'commencement' of the case pursuant to CPL § 30.30, unless a statutory exception applies. (See CPL § 30.30(1)(b) and CPL § 1.20[17]). Where the defendant's appearance was obtained by desk appearance ticket, the criminal action is deemed commenced at arraignment. (See CPL § 30.30(7)(b)).
In this case, pursuant to CPL § 30.30(1)(b), with respect to the class "A" misdemeanor charge, the People were required to make an effective statement of their readiness for trial within 90 days of the commencement date of the within criminal actions, taking into account all excludable time periods. The within criminal action was commenced upon the defendant's [*5]arraignment on March 16, 2023.[FN5]
The People served and filed their initial CoC/SoR on March 16, 2023. The People served and filed Supplemental CoC/SoRs on June 1, 2023 and February 13, 2024.
The defendant contends that the following time is chargeable to the People: from arraignment on March 16, 2023 until the filing of the People's Supplemental CoC/SoR on February 13, 2024 (or three-hundred and thirty four (334) days). (See Def.'s Aff. at ¶¶ 38 & 43).
The People contend that no time is chargeable to them, as they served and filed a valid CoC/SoR on the date of arraignment/commencement on March 16, 2023. 
Since this Court has determined that the People's initial CoC/SoR, dated March 15, 2023, and their Supplemental CoC/SoR, dated June 1, 2023, are both invalid, this Court addresses the disputed time periods, below.
1. March 16, 2023 until April 13, 2023 (28 days)
The defendant first contends that the time from March 16, 2023 until April 13, 2023 (28 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People's opposition papers detail time periods the People contend are excludable, but those time periods apparently relate to another case (as the excludable time periods referenced are from 2020).[FN6]
(See People's Mem. of Law at Conclusion, pp. 17-18). Accordingly, this Court has reviewed the transcript of appearance submitted by the People in opposition to the defendant's motion.
This Court's review of the transcript of appearance on March 16, 2023 reveals that the defendant was represented at arraignment by CAFA counsel, who was relieved after arraignment. (See People's Aff. at Ex. A, 3/16/2023 Tr. at p. 2, ll. 3-5, 25; p. 3, l. 1) (The Court [To Counsel]: "You are relieved at this time.")). There is no evidence in the record before this Court that the defendant was represented by another counsel prior to April 13, 2023; nor was the Court informed of such representation prior to April 13, 2023.
CPL § 30.30(4) expressly lists the periods of time that must be excluded from the speedy trial calculation, among which are "the period during which the defendant is without counsel through no fault of the court." CPL § 30.30(4)(f).
Accordingly, this Court finds that the time from March 16, 2023 until April 13, 2023 (28 days) is excludable pursuant to CPL § 30.30(4)(f). 
2. April 13, 2023 until May 12, 2023 (29 days)
The defendant next contends that the time from April 13, 2023 until May 12, 2023 (29 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
This Court's review of the transcript of appearance on April 13, 2023 reveals that the defendant stated "no waivers" and no statutory exclusion applies. (See People's Aff. at Ex. C, 4/13/2023 Tr. at p. 2, ll. 20-22) ([Defense counsel]: "No waivers."). 
Accordingly, this Court finds that the time from April 13, 2023 until May 12, 2023 (29 days) is chargeable to the People.
3. May 12, 2023 until June 2, 2023 (21 days)
The defendant next contends that the time from May 12, 2023 until June 2, 2023 (21 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
This Court's review of the transcript of appearance on May 12, 2023 reveals that the defendant stated "no waivers" and no statutory exclusion applies. (See People's Aff. at Ex. D, 5/12/2023 Tr. at p. 3, ll. 1-2) (Defendant's Counsel: "[] I am asking for another date without waivers"). Moreover, the People requested an adjournment as well. (Id. at p. 3, ll. 5-6) (People: "I'd like a hearing control date, please.").
Accordingly, this Court finds that the time from May 12, 2023 until June 2, 2023 (21 days) is chargeable to the People.
4. June 2, 2023 until July 19, 2023 (47 days)
The defendant next contends that the time from June 2, 2023 until July 19, 2023 (47 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People contend that on June 2, 2023, the case was scheduled for hearings on July 19, 2023. (See People's Aff. at ¶ 6).
This Court's review of the transcript of appearance on June 2, 2023 reveals that on June 2, 2023, the case was scheduled for hearings on July 19, 2023. (See People's Aff. at Ex. E, 6/2/2023 Tr. at p. 3, ll. 22-23) ([The Court]: "All right. 7/19 for hearing."). In addition, the court file indicates that on June 2, 2023, the case was scheduled for hearings on July 19, 2023 the case was scheduled for hearings. (Court file).
Accordingly, this Court finds that the time from June 2, 2023 until July 19, 2023 (47 days) is excludable pursuant to CPL § 30.30(4)(a). (See People v Asmal-Aucapina, 21 Misc 3d 168 [Crim Ct, New York Cnty 2008]["when a motion court orders hearings to resolve pre-trial suppression issues and adjourns the matter to a date that is convenient to the court after factoring in its own calendar congestion, such adjournment is not a delay occasioned by the People, and such time is not chargeable to them under CPL 30.30(4)(a)."]).
5. July 19, 2023 until August 11, 2023 (23 days)
The defendant next contends that the time from July 19, 2023 until August 11, 2023 (23 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People contend that on July 13, 2023, the defendant filed a motion. (See People's Aff. at ¶ 7).
This Court's review of the transcript of appearance on July 19, 2023 [FN7]
reveals that on July 13, 2023, the defendant filed a motion. (See Tr. at p. 2, ll. 7-9) ([The People]: "Counsel has filed a motion seeking further hearings and various other requests for relief."). The defendant withdrew the motion on August 11, 2023. (See 8/11/2023 Tr. at p. 3, ll. 2-4). Moreover, the court file indicates that on July 13, 2023, the defendant filed a motion. (Court file). 
Accordingly, this Court finds that the time from July 19, 2023 until August 11, 2023 (23 days) is excludable pursuant to CPL § 30.30(4)(a).
6. August 11, 2023 until August 31, 2023 (20 days)
The defendant next contends that the time from August 11, 2023 until August 31, 2023 (20 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People contend that on August 11, 2023, the case was scheduled for hearings on August 31, 2023. (See People's Aff. at ¶ 9).
This Court's review of the transcript of appearance on on August 11, 2023, the case was scheduled for hearings on August 31, 2023. (See People's Aff. at Ex. F, 8/11/2023 Tr. at p. 2, l. 12; p. 3, l. 9) (setting hearing for August 31, 2023). Moreover, the court file indicates that on August 11, 2023, the case was scheduled for hearings on August 31, 2023. (Court file).
Accordingly, this Court finds that the time from August 11, 2023 until August 31, 2023 (20 days) is excludable pursuant to CPL § 30.30(4)(a). (See People v Asmal-Aucapina, 21 Misc 3d 168 [Crim Ct, New York Cnty 2008]["when a motion court orders hearings to resolve pre-trial suppression issues and adjourns the matter to a date that is convenient to the court after factoring in its own calendar congestion, such adjournment is not a delay occasioned by the People, and such time is not chargeable to them under CPL 30.30(4)(a)."]).
6. August 31, 2023 until September 11, 2023 (11 days)
The defendant next contends that the time from August 31, 2023 until September 11, 2023 (11 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People contend that on August 31, 2023, they were ready to proceed, but could not [*6]because the Court was unavailable due to illness. (See People's Aff. at ¶ 10).
This Court's review of the transcript of appearance on on August 31, 2023, the case was scheduled for hearings on September 11, 2023. (See People's Aff. at Ex. G, 8/31/2023 Tr. at p. 2, ll. 5-9; p. 3, ll. 9-10) (setting hearing for September 11, 2023). Moreover, the court file on August 31, 2023, they were ready to proceed, but could not because the Court was unavailable due to illness. (Court file).
Accordingly, this Court finds that the time from August 31, 2023 until September 11, 2023 (11 days) is excludable pursuant to CPL § 30.30(4)(g).
7. September 11, 2023 until October 16, 2023 (35 days)
The defendant next contends that the time from September 11, 2023 until October 16, 2023 (35 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People contend that on September 11, 2023, the case was scheduled for hearings on October 16, 2023. (See People's Aff. at ¶ 11).
This Court's review of the transcript of appearance on September 11, 2023 [FN8]
reveals that on September 11, 2023, the matter was adjourned for hearings. (See Tr. at p. 2, ll. 11-13 ([The People]: "So the hearing that needs to happen involves a Wade component, Your Honor."). Moreover, the court file indicates that on September 11, 2023, the case was scheduled for hearings on October 16, 2023. (Court file). 
Accordingly, this Court finds that the time from from September 11, 2023 until October 16, 2023 (35 days) is excludable pursuant to CPL § 30.30(4)(a). (See People v Asmal-Aucapina, 21 Misc 3d 168 [Crim Ct, New York Cnty 2008]["when a motion court orders hearings to resolve pre-trial suppression issues and adjourns the matter to a date that is convenient to the court after factoring in its own calendar congestion, such adjournment is not a delay occasioned by the People, and such time is not chargeable to them under CPL 30.30(4)(a)."]).
8. October 16, 2023 until November 1, 2023 (16 days)
The defendant next contends that the time from October 16, 2023 until November 1, 2023 (16 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40).
The People contend that on October 16, 2023, they were ready to proceed, but could not because the Court was unavailable due to illness. (See People's Aff. at ¶ 10).
This Court's review of the transcript of appearance on October 16, 2023 indicates that the hearing was adjourned until November 1, 2023. (See People's Aff. at Ex. H, 10/16/2023 Tr. at p. 6, ll. 3-4) (setting hearing for November 1, 2023). Moreover, the court determined that the time was not chargeable to the People. (Id. at p. 6, ll. 5-10) ("[The Clerk]: "People's time?" [The [*7]Court]: No...[t]he Court's time.").
Accordingly, this Court finds that the time from October 16, 2023 until November 1, 2023 (16 days) is excludable pursuant to CPL § 30.30(4)(g).
9. November 1, 2023 until December 18, 2023 (47 days)
The defendant next contends that the time from November 1, 2023 until December 18, 2023 (47 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40). 
The People contend that on November 1, 2023, the case was scheduled for hearings on December 18, 2023. (See People's Aff. at ¶ 13).
This Court's review of the transcript of appearance on November 1, 2023 indicates that the hearing was adjourned until December 18, 2023. (See People's Aff. at Ex. H, 11/1/2023 Tr. at p. 2, ll. 7-8) (setting hearing for December 18, 2023). Moreover, the court file indicates that on November 1, 2023, the case was scheduled for hearings on December 18, 2023. (Court file).
Accordingly, this Court finds that the time from November 1, 2023 until December 18, 2023 (47 days) is excludable pursuant to CPL § 30.30(4)(a). (See People v Asmal-Aucapina, 21 Misc 3d 168 [Crim Ct, New York Cnty 2008]["when a motion court orders hearings to resolve pre-trial suppression issues and adjourns the matter to a date that is convenient to the court after factoring in its own calendar congestion, such adjournment is not a delay occasioned by the People, and such time is not chargeable to them under CPL 30.30(4)(a)."]).
10. December 18, 2023 until January 17, 2024 (30 days)
The defendant next contends that the time from December 18, 2023 until January 17, 2024 (30 days) is chargeable to the People because the defendant provided no waivers on March 16, 2023. (See Def.'s Aff. at ¶¶ 34, 40). 
The People contend that on December 18, 2023, the scheduled hearing did not go forward due to the unavailability of the People's witness, who was called to perform special snow-related duty the prior evening. (See People's Aff. at ¶ 14).
This Court's review of the transcript of appearance on December 18, 2023 indicates that the scheduled hearing did not go forward due to the unavailability of the People's witness, who was called to perform special snow-related duty the prior evening; the hearing was rescheduled for January 17, 2024. (See People's Aff. at Ex. J, 12/18/2023 Tr. at p. 2, ll. 7-11) (setting hearing for January 17, 2024).
Accordingly, this Court finds that the time from December 18, 2023 until January 17, 2024 (30 days) is excludable pursuant to CPL § 30.30(4)(g).
11. January 17, 2024 until February 13, 2024 (27 days)
The defendant next contends that the time from January 17, 2024 until February 13, 2024 (27 days) is chargeable to the People because the defendant provided no waivers on March 16, [*8]2023. (See Def.'s Aff. at ¶¶ 34, 40). 
The People contend that on January 17, 2024, the case was scheduled for hearings on February 13, 2024. (See People's Aff. at ¶ 15).
This Court's review of the transcript of appearance on January 17, 2024 [FN9]
reveals that on January 17, 2024, the case was on for hearings, which were adjourned until February 13, 2023. (See Tr. at p. 2, ll. 4-10) ([The People]: "[] the hearing was going to be going on today; however, the police officer is unavailable."). Moreover, the court file indicates that on January 17, 2024, the case was scheduled for hearings on February 13, 2024. (Court file). However, this Court noted that time would be charged to the People, absent an explanation for the officer's absence. (See Tr. at p. 2, ll. 4-10) ("[] right now[,] time is charged unless we find out some particular reason there is something that prevents that police officer from coming in to testify....Time charged to the People."). 
Accordingly, this Court finds that the time from January 17, 2024 until February 13, 2024 (27 days) is chargeable to the People.
In addition, as noted above, although this Court concluded that the People's March 16, 2023 and June 1, 2023 CoC/SoRs were invalid, this Court also concludes that the People's Supplemental CoC/SoR, filed on February 13, 2024, is valid and is sufficient to stop the running of the speedy trial clock.
Based on the foregoing, this Court concludes that there are a maximum of seventy-seven (77) days [from April 13, 2023 until May 12, 2023 (29 days) and from May 12, 2023 until June 2, 2023 (21 days) and from January 17, 2024 until February 13, 2024 (27 days)] elapsed on the speedy trial clock.
Thus, the defendant's motion to dismiss based upon a speedy trial violation is DENIED.
C. Discovery and Discovery-Related Hearings
Finally, the defendant moves this Court for an order that the People comply with their obligations pursuant to (1) People v Sandoval, People v Ventimiglia and People v Molineux, as well as Sandoval and Molineaux/Ventimiglia hearings. (See Def.'s Aff. at Points III, ¶¶ 71-74, and IV, ¶¶ 75-76).
The defendant's motion seeking to obtain notice from the People of any proposed trial issues pursuant to Sandoval is GRANTED, to the extent that, in the event that, in exercising its obligation of due diligence, the People obtain or discover disclosable materials, the People are directed to provide such notice to the defendant no later than fifteen (15) business days prior to the trial date of this action.
The defendant's motion for a Sandoval hearing is GRANTED, upon consent of the People. (See People's Mem. of Law at p. 16).
The defendant's motion for a Molineux/Ventimiglia hearing is GRANTED, and will be [*9]scheduled prior to trial.
D. Motion For Leave to File Additional Motions
The defendant's motion to file additional motions is GRANTED, but only to the extent permitted by CPL § 255.20(3). (See Def.'s Aff. at Point V, ¶ 77).
By reason of the foregoing, the defendant's motion to strike the People's CoC and/or SoR pursuant to CPL § 30.30(5) is GRANTED. The defendant's motion to dismiss the accusatory instrument pursuant to CPL § 30.30 and § 170.30(1)(e) on the grounds that his statutory speedy trial rights were violated is DENIED. The defendant's motion for a Sandoval hearing is GRANTED. The defendant's motion for a Ventimiglia hearing is GRANTED. The defendant's motion to file additional motions is GRANTED, to the extent indicated herein.
This shall constitute the decision and Order of the Court.
Dated: July 18, 2024
HON. ERIC SACHS, J.D.C.

Footnotes

Footnote 1:This Court's copy of the People's March 15, 2023 "discovery packet" contains the CoC/SoR at the end of the stapled packet.

Footnote 2:It is unclear whether the defendant concedes that the CoC/SoR was served on defendant's counsel at arraignment. (See Def.'s Aff. at ¶ 8) ("Upon information and belief, the People served [defendant and counsel] with a document containing a QR code intending to lead to the People's discovery portal, alongside their [CoC/SoR] on the date of arraignment."). (But see Def.'s Aff. at ¶ 36) ("[d]espite the People's claim of certifying their case at arraignment, neither a CoC nor SoR of any type were filed with the Court or given to defense counsel until June 1, 2023").

Footnote 3:This Court notes that the People's opposition papers contained no copy of their initial CoC/SoR. In the future, this Court will not search the Court file for documents relevant to a motion (or opposition thereto), but will rely solely on the exhibits to the parties' papers.

Footnote 4:As noted above, the CoC/SoR was stapled to the back of this Court's copy of the People's Disclosures.

Footnote 5:Courts have held that, for speedy trial purposes, the speedy trial time begins to run on the day following the commencement of the criminal action. See People v Stiles, 70 NY2d 765, 520 NYS2d 745 [1987]. In this case, the speedy trial clock would start to run on March 17, 2023.

Footnote 6:The People are cautioned that the Court will summarily grant any future speedy trial motions in which the People fail to detail excludable time periods from the case at issue. Absent the transcript of appearance, this Court would be forced to summarily grant the defendant's motion.

Footnote 7:The Court ordered the transcript of appearance from July 13, 2023 from the court reporter. The People are cautioned that the court will not do so in the future, as the People are required to include all transcripts upon which they intend to rely in their opposition papers.

Footnote 8:The Court ordered the transcript of appearance from September 11, 2023 from the court reporter. The People are cautioned that the court will not do so in the future, as the People are required to include all transcripts upon which they intend to rely in their opposition papers.

Footnote 9:The Court ordered the transcript of appearance from January 17, 2024 from the court reporter. The People are cautioned that the court will not do so in the future, as the People are required to include all transcripts upon which they intend to rely in their opposition papers.